HENNIGAN, BENNETT & DORMAN LLP
BRUCE BENNETT (Cal. Bar No. 105430)
JAMES O. JOHNSTON (Cal. Bar No. 167330)
LANCE MILLER (Cal. Bar No. 241905)
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Fax: (213) 694-1234

*Counsel for Debtor*
*Solidus Networks, Inc.*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* | Case No. 07-20027-TD |
| SOLIDUS NETWORKS, INC., | CHAPTER 11 |
| *Debtor.* | **DECLARATION OF THOMAS LUMSDEN IN SUPPORT OF EMERGENCY MOTION FOR AN INTERIM ORDER (I) AUTHORIZING EMERGENCY FINANCING PURSUANT TO SECTIONS 303(f) AND 105(a) OF THE BANKRUPTCY CODE, (II) AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE, (III) PROVIDING ADEQUATE PROTECTION TO LENDERS PURSUANT TO SECTIONS 361 AND 363 OF THE BANKRUPTCY CODE, AND (IV) SCHEDULING A FINAL HEARING** |
| | Interim Hearing |
| | Date: November 20, 2007<br>Time: 11:00 a.m.<br>Place: Courtroom 1345 |

641199.04

I, Thomas Lumsden, under penalty of perjury, declare as follows:

1. I am a Senior Managing Director of FTI Consulting, Inc. ("FTI"). My office is located at One Front Street, Suite 1600, San Francisco, California 94111. By order of the Court of Chancery of the State of Delaware (the "Chancery Court") entered on November 16, 2007 (the "Custodian Order"), I have been appointed custodian pendente lite ("Custodian") of Solidus Networks, Inc. d/b/a Pay By Touch ("Solidus" or the "Company").

2. I submit this Declaration in support of the Company's Emergency Motion For An Interim Order (I) Authorizing Emergency Financing Pursuant To Sections 303(f) And 105(a) Of The Bankruptcy Code, (II) Authorizing Use Of Cash Collateral Pursuant To Section 363 Of The Bankruptcy Code, (III) Providing Adequate Protection To Funding Lenders Pursuant To Sections 361 And 363 Of The Bankruptcy Code, And (IV) Scheduling A Final Hearing (the "Emergency Motion").

3. All facts set forth in this Declaration are based on my personal knowledge, upon information supplied to me by certain employees, officers, and directors of the Company, and people who report to me at FTI, upon information supplied to me by the Company's professionals and consultants, upon my review of relevant documents, upon my review of the Declaration of Robert M. Sigler, the Chief Financial Officer ("CFO") of the Company, in support of the Emergency Motion (the "Sigler Declaration"), or upon my opinion based on my experience as advisor to distressed companies. If I were called upon to testify, I could and would testify competently to the facts set forth herein, and I am authorized to submit this Declaration on behalf of the Company.

**The Chancery Court Appoints Custodian**

4. It is my understanding that Plainfield Special Situations Masterfund Limited ("Plainfield") filed an action in the Chancery Court, styled *Plainfield Special Situations Master Fund v. Solidus Networks, Inc., d/b/a Pay By Touch*, C.A. No. 3308-VCS (Del. Ch. Oct. 23, 2007) (the "Delaware Action"), seeking an order determining, among other things, that the authorized directors of Solidus are those persons Plainfield purported to elect on October 17, 2007. The Chancery Court docket shows that, on November 9, 2007, following the modification of the

-1-

641199.04

automatic stay in this case, Vice Chancellor Strine held a status conference in the Delaware Action and determined to appoint a Custodian to take control of the Company during the pendency of the Delaware Action.

5.  Thereafter, on November 15, 2007, the Court of Chancery entered an order appointing a senior member of AlixPartners Financial Advisory Services ("AlixPartners") as Custodian of Solidus. However, AlixPartners subsequently determined that it had a conflict of interest that could not be resolved, precipitating its resignation.

6.  A further hearing was held on November 16, 2007 in the Chancery Court to request the appointment of a successor Custodian. The Custodian Order was entered that same day. A true and correct copy of the Custodian Order is attached hereto as *Exhibit A*. The Custodian Order authorizes me to administer, manage and operate the Company's assets, operations and business. Pursuant to the Custodian Order, I have, among other things, the sole authority to authorize and approve on behalf of Solidus (a) all expenditures of the Company's funds; (b) the sale, lease or other disposition of any assets of the Company; (c) any loans, advances or investments of any kind or nature; and (d) the incurrence of any debt or other liability to any party for any reason. *See* Custodian Order at ¶ 6. The Custodian Order further provides that before I may take any action outside the Company's ordinary course of business, I must either provide three (3) business days written notice to the Chancery Court or, on 24 hours advance written notice, obtain the consent to such action from Plainfield and any two of Messrs. Arthur J. Petrie, Alex Hern, and John Rogers. *See* Custodian Order at ¶ 10. On November 18, 2007, I provided notice to Messrs. Petrie, Hern, and Rogers of my proposal to have the Company enter into the transactions that are the subject of the Emergency Motion. I have been advised by Messrs. Petrie and Hern that they consent to the engagement of the Custodian, the engagement letter and the proposed financing.

**The Company Is In Critical Need Of Additional Funding**

7.  Immediately upon my appointment as Custodian, I met with Mr. Sigler, the CFO of the Company, as well as certain other of the Company's employees, officers, and directors to gain an understanding of, among other things, the Company's current cash position. Additionally, I

-2-

641199.04

reviewed the Company's books and records and other relevant documents supplied to me by the Company, including, but not limited to, a thirteen week cash flow forecast (the "13 Week Forecast") and a critical cash needs analysis (the "Critical Cash Analysis").[1]  It is my understanding that the 13 Week Forecast and the Critical Cash Flow were prepared by the Company's CFO in conjunction with professionals from AlixPartners.  Once I became familiar with the Company's financial situation, I also assisted in the preparation and revision of each such document.

8. Based on this information, my discussions with the CFO and other employees of the Company, the facts set forth in the Sigler Declaration, and my experience as a restructuring advisor, it is my opinion that the Company is in dire need of immediate financing.

**The Proposed Emergency Financing Is Reasonable, Necessary, And In The Best Interests Of The Company**

9. It is my opinion that the financing contemplated by the Funding Amendment (as defined and described in the Sigler Declaration) will enable the Company to meet its most critical cash needs in the short term and is in the best interests of the Company, its creditors, and other parties in interest.  Without the financing contemplated by the Funding Amendment, it is my opinion that the Company may need to cease operations immediately, threatening the value of the Company's assets and the recoveries to all constituents.

10. Based upon my general understanding of the terms of the proposed emergency financing, I believe such terms to be reasonable.

11. Following my appointment, I investigated whether alternative financing might be available through other lending sources.  Based upon that investigation, I believe that the terms demanded by any potential alternative lender would not be materially different from the terms of the Funding Amendment.  Moreover, the delay in procuring alternative financing, including the period

---

[1] The 13 Week Forecast and the Critical Cash Analysis are attached to the Sigler Declaration as *Exhibit B* and *Exhibit C*, respectively.

-3-

641199.04

1  for prospective new lenders to perform due diligence and to document the transaction from scratch,
2  would unduly delay the process and serious jeopardize the viability of the Company.
3       12.     It is my understanding that the Company and the Funding Lenders (as defined in the
4  Sigler Declaration) will continue their discussions regarding the Company's ongoing cash needs and
5  devote their best efforts to formulating and negotiating the most appropriate potential funding for the
6  Company on a going-forward basis to address the Company's longer term needs.
7       I declare under penalty of perjury under the laws of the United States of America that the
8  foregoing is true and correct and that this declaration was executed on the _19_ day of November
9  2007 at _San Francisco_ California.

THOMAS LUMSDEN

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

-4-

641199.04