COOLEY GODWARD KRONISH LLP
KENNETH L. GUERNSEY (83549)
J. MICHAEL KELLY (133657)
ROBERT L. EISENBACH III (124896)
GREGG S. KLEINER (141311)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222
Email:  kellyjm@cooley.com; reisenbach@cooley.com; and
kleinergs@cooley.com

Special Counsel for Debtors
SOLIDUS NETWORKS, INC., *et al.*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SOLIDUS NETWORKS, INC., dba PAY BY TOUCH (afka PAY BY TOUCH SOLUTIONS), a Delaware corporation, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.  2:07-20027-TD<br>(Jointly Administered)<br><br>**FIRST INTERIM APPLICATION FOR COMPENSATION AND EXPENSE REIMBURSEMENT BY COOLEY GODWARD KRONISH LLP, SPECIAL COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION** (December 14, 2007 through April 30, 2008)<br><br>Date:        July 17, 2008<br>Time:        11:00 a.m.<br>Place:       255 East Temple Street<br>               Courtroom 1345<br>Judge:      Thomas B. Donovan |

---

[1]    The Debtors include the following entities: Solidus Networks, Inc., dba Pay By Touch, aka Pay By Touch Solutions, afka BioPay, Pay By Touch Payment Solutions, LLC, afka EPX, afka Payment Acquisition Corporation, afka InterCept Payment Solutions, LLC, afka SPS Payments, LLC, afka IPS Solutions, LLC, afka iPay, afka Pay By Touch Solidus Merchant Services, Pay By Touch Processing, Inc., afka CSSI Acquisition Corporation, afka Card Systems Solutions, Inc., Pay By Touch Check Cashing, Inc., Check Elect, Inc., Seven Acquisition Sub, LLC, afka Seven Street Software, Pay by Touch Checking Resources, Inc., Indivos Corporation, afka Smart Touch, Inc., afka Veristar Corporation, afka Indivos Acquisition Corporation, CardSystems Payment Solutions, LLC, Maverick International Services, Inc., and ATMD Acquisition Corporation, afka ATMD Direct, afka ATM Online, Inc.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1090465 v2/SF

1

1ST INTERIM FEE APPLICATION
CASE NO. 07-20027-TD

1    **To The Honorable Thomas B. Donovan, United States Bankruptcy Judge:**

2              Pursuant to the Sections 330 and 331 of Title 11 of the United States Bankruptcy Code

3    ("Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedures, and the

4    Bankruptcy Local Rules for the Central District of California, Cooley Godward Kronish LLP

5    ("Cooley" or "Applicant"), Special Counsel for Debtors and Debtors-in-Possession Solidus

6    Networks, Inc., *et al*. ("Debtors"), files this First Interim Application for Compensation and Expense

7    Reimbursement ("Application") seeking compensation for its services rendered during the period

8    from December 14, 2007 through April 30, 2008 ("First Interim Period"), and respectfully represents

9    as follows:

10   I.      **Introduction**

11             1.     <u>Debtors</u>:  On December 14, 2007 (the "Consent Date"), Debtor Solidus consented

12   to the entry of an order for relief following an earlier involuntary filing against it, [2] and the other

13   Debtors commenced their reorganization cases by filing voluntary petitions for relief under the

14   Bankruptcy Code.  The Debtors are continuing in possession of their assets and are operating and

15   managing their businesses as debtors in possession pursuant to sections 1107 and 1108 of the

16   Bankruptcy Code.

17             2.     <u>Background/Present Posture of Case</u>:   The Debtors sought to become the

18   preeminent global authentication and payments network, providing the most secure, convenient,

19   and cost-effective electronic transaction solutions for businesses and consumers around the world.

20   To that end, Debtor Solidus provided biometric point-of-sale transaction solutions for businesses

21   and consumers.  The other Debtors provided complementary operations.  Debtor Pay By Touch

22   Payment Solutions supplied and serviced a network of approximately 1,900 credit card

23   transaction processing machines positioned with third party merchants.  Debtor Pay By Touch

24   Processing provided credit card transaction processing services for independent sales

25   organizations.  Finally, Debtor Pay By Touch Check Cashing supplied, serviced and supported a

26

27   [2]    On October 31, 2007, an involuntary petition was filed with this Court against Debtor Solidus by Laura Schoep
           Lee, James C. Lee, Gregg Eyman, Robert Van Tuyl. On the Consent Date, Solidus consented to the entry of an
28         order for relief on that petition.

Cooley Godward
Kronish LLP
Attorneys At Law
San Francisco

1090465 v2/SF                                     2.                      **1st Interim Fee Application
Case No. 07-20027-TD**

1  network of approximately 2,100 check cashing kiosk machines placed in third party check

2  cashing operations.

3      During the First Interim Period, the Debtors have marketed and successfully sold non-core

4  businesses including ATM Direct, Pat By Touch Payment Solutions, Pay By Touch Processing

5  and Paycheck Secure.  The Debtors also diligently pursued all available options with respect to

6  their core businesses and ultimately shut them down and began an orderly wind down of the

7  bankruptcy estates.  At the same time, the Debtors and the Committee did accomplish a credit bid

8  transaction with the Debtors' prepetition secured lenders involving the core business assets,

9  which significantly benefited the estates both in terms of cash and other assets as well as the

10  resolution of the lenders claims.  The Debtors, in consultation with the Committee, currently have

11  minimal staff and business operations, and tentatively have concluded that the value of the

12  Debtors' estates would be maximized through the prosecution and confirmation of a liquidating

13  Chapter 11 plan or reorganization.  See Debtors' Chapter 11 Status Conference Report filed

14  herein by Debtors' reorganization counsel on May 21, 2008, for a more detailed description of the

15  developments in and status of these proceedings as of approximately that date.

16      3.    Employment:  On January 31, 2008, the Court authorized the Debtors to employ

17  Cooley as its Special Counsel herein ("Employment Order"), with such Employment Order effective

18  from and after the Consent Date, at which time Applicant's services had commenced.  Cooley

19  subsequently filed a supplemental application for an order authorizing it to perform certain additional

20  services ("Additional Services') on behalf of the Debtors ("Supplemental Application").  The court

21  approved the Supplemental Application pursuant to an Amended Order Authorizing Expanded

22  Employment of Cooley Godward Kronish LLP, as Special Counsel for the Debtors and Debtors-in-

23  Possession, entered on May 2, 2008 (the "Amended Employment Order").    The Amended

24  Employment Order became effective as of the date Cooley needed to begin rendering the Additional

25  Services.  True and correct copies of the Employment Order and the Amended Employment Order

26  are collectively attached to the Kelly Declaration as **Exhibit A.**

27      4.    Prior Applications and Compensation for Post-Petition Services:  This is Cooley's

28  First Application for Interim Compensation and Expense Reimbursement ("Application"), and

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1090465 v2/SF                    3.                    1ST INTERIM FEE APPLICATION
                                                        CASE NO. 07-20027-TD

Cooley does not hold any retainer funds or advance fee payment from the Debtors.  However, Cooley has received partial compensation from the Debtors for services during the First Interim Period, pursuant to that Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals Employed at the Expense of the Bankruptcy Estates, entered on January 28, 2008, (the "Interim Fee Order"), as detailed in the following paragraph.

5. <u>Monthly Interim Compensation Process</u>:  Applicant has followed the monthly interim compensation procedures set forth in the Interim Fee Order.  Subject to objections and requirements in the Interim Fee Order, the monthly compensation process generally allows Applicant to be paid, on an interim basis pending interim allowance pursuant to the quarterly interim fee application process and ultimately final allowance at the end of the case, up to 80% of fees (with a holdback of 20% ("Holdback")) and 100% of expenses incurred each month. Applicant received no objections to any of its requests for payment of the maximum allowed interim fee and expense amounts for the First Interim Period.  Amounts requested and paid to Applicant pursuant to the monthly fee process for months as to which no interim fee application order has yet been entered are as follows:

| | Date Served | Period Covered | Total Fees and Costs | | Amounts Paid | | 20% Fee Holdback |
|---|---|---|---|---|---|---|---|
| | | | Fees | Expenses | Fees | Expenses | |
| 1st Interim | 02/04/08 | Dec. 14 – 31, 2007 | $74,284.00 | $272.08 | $59,427.20 | $272.08 | $14,856.80 |
| | 03/11/08 | Jan. 1 – 31, 2008 | $159,144.00 | $691.76 | $127,315.20 | $691.76 | $31,828.80 |
| | 03/26/08 | Feb. 1 – 29, 2008 | $100,619.00 | $848.53 | $80,495.20 | $848.53 | $20,123.80 |
| | 04/29/08 | March 1 – 31, 2008 | $115,739.00 | $406.33 | $92,591.20 | $406.33 | $23,147.80 |
| | 05/23/08 | April 1 – 30, 2008 | $45,438.50 | $1,231.79 | $36,350.80 | $1,231.79 | $9,087.70 |

6. <u>Current Compensation</u>:  In the course of representing the Debtors during the First Interim Period, Applicant performed the services described in this Application and the detailed statements attached as **Exhibit B** (categorical) and **Exhibit C** (chronological) to the Kelly Declaration, and summarized below.  Applicant also incurred the actual and necessary expenses itemized in the attached expense itemization as set forth in Exhibits B and C and summarized in Exhibit E to the Kelly Declaration.  The statements attached as Exhibits B and C to the Kelly Declaration reflect fees incurred in the aggregate amount of **$495,224.50**, and costs in the amount of **$3,450.49**.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1090465 v2/SF                                   4.

1ST INTERIM FEE APPLICATION
CASE NO. 07-20027-TD

7.      Compliance with Guidelines:  Applicant believes that it has complied with the Guide to Applications for Professional Compensation issued by the Office of the United States Trustee for the Central District of California, as well as the national U.S. Trustee guidelines (collectively, the "Guidelines").  Among other things, as a general rule, Applicant's billing practices and hourly rates are identical for bankruptcy and non-bankruptcy clients.  The costs charged to bankruptcy clients are either identical to or less than the costs charged to non-bankruptcy clients, and Applicant's cost calculations are as set forth in the Guidelines.

8.      Rates and Rate Changes:  Applicant has charged the Debtors its applicable rates based on the dates the services were performed.  The hourly rates and fees sought for each of Applicant's professionals for the 2007 portion of the First Interim Period were set forth on Exhibit D to the Kelly Declaration.  In January 2008, Applicant implemented its annual timekeeper hourly rate adjustments, effective for services rendered from and after January 1, 2008.  Applicant filed and served its Notice of Hourly Rate Adjustment on February 1, 2008, prior to its issuance of any invoices for its 2008 services, and Applicant received no comments or objections in response to such notice.

9.      2016 Compensation Statement:  Applicant has agreed not to share any compensation awarded with any other person except as permitted by Section 504(b) of the Bankruptcy Code, and the source of any award authorized will be estate funds.

10.      Statement By Debtors:  In accordance with the Guidelines, the Debtors have signed a statement at the end of this Application indicating that that they have reviewed and have no objections to Applicant's billings.

**II.    CURRENT SERVICES**

    **A.    Summary**

The services rendered by Applicant during the First Interim Period can generally be grouped into the categories set forth below.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours and fees for each individual and the total compensation sought for each category, on the statements attached collectively as **Exhibit B** to the Kelly Declaration.  See also the timekeeper summary sheet

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1090465 v2/SF                                    5.                        1ST INTERIM FEE APPLICATION
CASE NO. 07-20027-TD

attached as **Exhibit D** to the Kelly Declaration.

        **B.**       **Asset Disposition**

               **1.**       **Matter 225 – Non-Core Businesses**

Applicant worked with Debtors to prepare form purchase agreements for sales of non-core businesses, and to prepare related schedules. Applicant prepared purchase agreements for filing with Bankruptcy Court as part of the bid process. Through the bankruptcy process, Applicant entered into and closed transactions to sell various of Debtors' business lines. Applicant worked with Debtors to evaluate bids for Debtors' Processing division. Applicant drafted and negotiated revisions to the purchase agreement governing the sale of that division, and prepared, negotiated and finalized various ancillary agreements and other documents being delivered in connection with entry into the purchase agreement. Applicant worked with Debtors to evaluate bids for Debtors' ATM Direct division. Applicant drafted and negotiated revisions to the asset purchase agreement governing the sale that division, and prepared, negotiated and finalized various ancillary agreements and other documents being delivered in connection with entry into the asset purchase agreement. Applicant worked with Debtors to evaluate bids for Debtors' Payment Solutions division. Applicant drafted and negotiated revisions to the purchase agreement governing the sale that division, and prepared, negotiated and finalized various ancillary agreements and other documents being delivered in connection with entry into the asset purchase agreement. Applicant worked with Debtors to evaluate bids for Debtors' Paycheck Secure division. Applicant drafted and negotiated revisions to the purchase agreement governing the sale that division, and prepared, negotiated and finalized various ancillary agreements and other documents being delivered in connection with entry into the asset purchase agreement. Applicant analyzed a variety of issues relating to the sale transactions referenced above, and worked with Debtors to prepare disclosure schedules for each transaction. Applicant worked with Debtors to analyze and respond to diligence-related inquiries, including intellectual property-related questions, by parties potentially interested in acquiring one or more of Debtors' divisions. Applicant worked with Debtors to coordinate signing and closing of the sale transactions referenced above.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1090465 v2/SF

6.

1ST INTERIM FEE APPLICATION
CASE NO. 07-20027-TD

1    ///

2    **2.    Matter 227 – Core Business**

3    Applicant reviewed portions of Debtors' confidential information

4    memorandum regarding the sale of Debtors' core business.  Applicant worked with Debtors to

5    prepare a form asset purchase agreement and related schedules.  Applicant prepared, negotiated

6    and finalized various ancillary agreements and other documents being delivered in connection

7    with entry into the asset purchase agreement.  Applicant worked with Debtors to analyze and

8    respond to diligence-related inquiries, including intellectual property-related questions, by the

9    purchaser.

10    These asset disposition services for Matters 225 and 227 were necessary to accomplish the

11    liquidation of estate assets and bring funds into the Debtors' estates, and therefore benefited the

12    estates.  For its services related to this category, Applicant spent 558.20 hours, incurring fees in

13    the sum of $280,801.50.

14    **C.    Business Operations (Matter 100)**

15    Applicant worked with Debtors on a variety of capitalization-related matters,

16    including processing stock certificate requests, fulfilling capitalization-related information

17    requests, processing stock transfers and option issuances, processing stock issuances and option

18    terminations for terminated employees, advising on tax issues relating to stock option matters and

19    responding to investor inquiries.  Applicant also advised Debtors regarding various governance,

20    operational and structural issues, including board composition, subsidiary structures and

21    insurance matters.  Applicant prepared for and attended board meetings, participated in telephonic

22    board meetings and drafted board minutes and resolutions.  In addition, Applicant worked with

23    Debtors to review, negotiate and advise on agreements with potential new executives.  Applicant

24    advised Debtors on various matters relating to Debtors' employees, including terminations,

25    treatment of Debtors' 401(K) plan and related legal issues.  Applicant worked with Debtors in

26    connection with Debtors' document backup and preservation procedures.   In addition, Applicant

27    responded to a variety of miscellaneous requests for information and copies of materials.

28    These services helped the Debtors operate to the extent necessary during the first interim

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1090465 v2/SF                    7.                    1ST INTERIM FEE APPLICATION
                                                       CASE NO. 07-20027-TD

period and also facilitated the asset disposition services described above, and therefore benefited the Debtors' estates. For its services related to this category, Applicant spent 163.60 hours, incurring fees in the sum of $81,215.50.

**D.    Case Administration (Matter 100)**

Applicant expended a nominal amount of time obtaining case documents and monitoring certain aspects of the case as necessary to carry out its responsibilities as special counsel to the Debtors.

These services were necessary for Applicant to be able to perform its primary services in other areas on behalf of the Debtors and therefore benefited the estates. For its services related to this category, Applicant spent 5.70 hours, incurring fees in the sum of $1,201.00.

**E.    Claims Administration and Objections (Matter 100)**

Applicant assisted Debtors in analyzing a claim for return of amounts transferred to Debtors in connection with an investment in Debtors' preferred stock. Applicant also assisted Debtors in analyzing a claim and reviewing related materials relating to a purported secured claim.

These services were necessary to assist the Debtors with certain specific claims issues relating to the areas of Applicant's special counsel employment, and therefore benefited the estates. For its services related to this category, Applicant spent 7.00 hours, incurring fees in the sum of $4,830.50.

**F.    Cooley Fee Applications (Matter 100)**

Applicant performed required services in connection with ultimately seeking approval of its own compensation and fulfilling related requirements in accordance with applicable rules, U.S. Trustee guidelines, and the Bankruptcy Code. On an ongoing basis, Applicant reviewed its monthly fee statements for compliance with applicable rules and guidelines and orders and adjusted and reorganized its monthly statements accordingly, and periodically communicated with its timekeepers regarding bankruptcy-related billing issues and requirements. On a monthly basis, Applicant performed activities necessary to comply with the Interim Fee Order, including by sending its monthly invoices to required parties notifying them of

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1090465 v2/SF

8.

1ST INTERIM FEE APPLICATION
CASE NO. 07-20027-TD

1    the court-approved interim fee procedure and the period in which such parties could raise any

2    objections to Applicant's invoices, and notifying the Debtors of the amounts allowed to be paid

3    when no such objections were received.

4        These services were necessary for Applicant to be able to perform its primary services in

5    other areas on behalf of the Debtors and therefore benefited the estates.  For its services related to

6    this category, Applicant spent 31.50 hours, incurring fees in the sum of $14,159.50.

7        **G.    Cooley Employment Applications (Matter 100)**

8        Applicant performed required services in connection with its own employment as

9    special counsel herein.   Applicant reviewed applicable requirements, investigated facts and

10   prepared its original employment application as well as a supporting declaration and ancillary

11   documentation.  Subsequently, Debtor Solidus received the subpoena discussed in Section H

12   below, and requested Applicant's services with regard thereto.  Such services had not been

13   contemplated at the time that Debtors originally sought to employ Applicant, and thus Applicant

14   was required to prepare a supplemental employment application and supporting declaration.

15   After the filing of the supplemental employment application, Applicant became aware of certain

16   additional facts that it believed should be disclosed pursuant to Bankruptcy Rule 2014,

17   necessitating the preparation of a second supplemental employment declaration.

18       These services were necessary for Applicant to be able to perform its primary services in

19   other areas on behalf of the Debtors and therefore benefited the estates.  For its services related to

20   this category, Applicant spent 85.00 hours, incurring fees in the sum of $39,197.50.

21       **H.    Financing and Cash Collateral**

22       Applicant reviewed and negotiated investment proposals.   Applicant advised

23   Debtors regarding proposed terms of investment proposals and DIP facility terms.   Applicant

24   advised Debtors regarding DIP financing logistics.   Applicant prepared, reviewed, redrafted,

25   negotiated and finalized documents relating to DIP financings and other potential financings.

26   Applicant compiled opinions at lender request.   Applicant also participated in court hearings

27   regarding the DIP financing process.  In addition, Applicant analyzed issues relating to perfection

28   of security interests.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1090465 v2/SF                            9.                    1ST INTERIM FEE APPLICATION
CASE NO. 07-20027-TD

1    These services helped the Debtors obtain sufficient financing to enable them to accomplish

2    their goal of maximizing the value of their assets for claimants, and therefore benefited the estates.

3    For its services related to this category, Applicant spent 93.20 hours, incurring fees in the sum of

4    $62,072.50.

5    **I.    Litigation (Matter 100)**

6    Applicant performed required services on behalf of Debtor Solidus in connection

7    with a recent subpoena that was served upon Solidus by the U.S. Attorney, which primarily

8    requested information concerning certain financing transactions which occurred prior to these

9    bankruptcy proceedings.  During the First Interim Period, Applicant reviewed, analyzed issues

10   and counseled Solidus regarding the request and its potential response, assisted with regard to

11   implementing preservation/hold instructions to those who may have information responsive to the

12   request, and communicated with the U.S. Attorney's office on Solidus' behalf.  [As of the date of

13   this Application, the U.S. Attorney's request is on hold, and thus it is unknown whether or not

14   Solidus will require additional services from Applicant regarding this matter.]

15   These services were required for the Debtors to comply with a federal subpoena and

16   therefore benefited the estates.  For its services related to this category, Applicant spent 18.60 hours,

17   incurring fees in the sum of $11,441.50.

18   **J.    Plan and Disclosure Statement (Matter 100)**

19   Applicant expended a nominal amount of time consulting with the Debtors regarding

20   potential plan  issues relevant to its role as special counsel to the debtors.

21   These services assisted the Debtors with regard to plan development and therefore benefited

22   the estates.  For its services related to this category, Applicant spent 0.50 hours, incurring fees in the

23   sum of $305.00.

24   **III.    FUTURE SERVICES**

25   Applicant anticipates continuing to provide assistance to the Debtors as its special

26   counsel with respect to certain corporate, asset disposition, litigation and other matters to the

27   extent required, and all only as necessary and consistent with its authorized employment herein.

28   ///

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1ST INTERIM FEE APPLICATION
CASE NO. 07-20027-TD

**IV.  ESTABLISHMENT OF FEES**

"A compensation award based on a reasonable hourly rate multiplied by the number of hours actually and reasonably expended is presumptively a reasonable fee."  In Re Manoa Finance Company, 853 F.2d. 687 (9th Cir. 1988).  Establishing a reasonable hourly rate requires consideration of market rates in the relevant community which are, in turn, at least partly a function of the type of services rendered and the lawyer's experience, skill and reputation.

Applicant's invoices evidence the reasonableness of Applicant's requested fees and are attached to the Kelly Declaration as **Exhibits B** (categorical) & **Exhibit C** (chronological).  In addition, a summary sheet of attorneys and paraprofessionals who have worked on this case, the type of professional, hourly rate, the total hours each devoted to the case and the total fees requested for each professional, together with summaries of the attorneys and paraprofessionals' qualifications, are attached hereto collectively as **Exhibit D** to the Kelly Declaration.

**V.  CONCLUSION AND PRAYER**

1.  In performing the services described above during the First Interim Period, Applicant spent 963.30 hours and incurred $495,224.50 in fees as reflected on its statements issued to the Debtors.  Applicant believes that this amount is reasonable compensation for its services, calculated on the basis of the hours and hourly rates listed in the attached summary and the time summaries attached to the Declaration.

2.  In performing its services during the same time period, Applicant incurred actual and necessary expenses of $3,450.49.  An itemized summary of these expenses is set forth on **Exhibit E** to the Kelly Declaration.

3.  Notice of this Application is being provided to appropriate parties in interest pursuant to applicable rules, orders and the Guidelines by Debtors' reorganization counsel.  This Application and the accompanying Kelly Declaration were filed with the Court and served on or before June 13, 2008.

**WHEREFORE**, Cooley Godward Kronish LLP prays for an order approving interim compensation in the sum of **$495,224.50** and expense reimbursement in the sum of **$3,450.49** for the First Interim Period, directing payment by the Debtors to Applicant consistent with such interim

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1090465 v2/SF

11.

1ST INTERIM FEE APPLICATION
CASE NO. 07-20027-TD

1    allowance after taking prior payments pursuant to the monthly process into account, and granting

2    Applicant such other and further relief as is just and proper.

3    Dated:  June 13, 2008

4                                                    COOLEY GODWARD KRONISH LLP

5

6                                                    By:_____/s/  J. Michael Kelly_____

7                                                                J. Michael Kelly

8                                                    Attorneys for the Debtors
                                                     SOLIDUS NETWORKS, INC., *et al.*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1090465 v2/SF                                        12.                          1ST INTERIM FEE APPLICATION
                                                                                  CASE NO. 07-20027-TD