1  PHILIP A. GASTEIER (State Bar No. 130043)
   CARMELA T. PAGAY (State Bar No. 195631)
2  ROBINSON, DIAMANT & WOLKOWITZ
   A Professional Corporation
3  1888 Century Park East, Suite 1500
   Los Angeles, California  90067
4  Telephone:  (310) 277-7400
   Telecopier: (310) 277-758
5

6  Attorneys for Plaintiff
   Timothy J. Yoo, Chapter 7 Trustee
7

8              UNITED STATES BANKRUPTCY COURT
               CENTRAL DISTRICT OF CALIFORNIA
9                 LOS ANGELES DIVISION

10

11  In re                        | Case No. 2:07-bk-20027-TD

12  SOLIDUS NETWORKS, INC., a     | Chapter 7
    Delaware Corporation,
13
              Debtor.
14  ─────────────────────────────
                                    Adv. No. 2:09-ap-_____-TD
15  TIMOTHY J. YOO, Chapter 7
    Trustee,                        COMPLAINT FOR:
16                                  (1)  AVOIDANCE OF PREFERENTIAL
              Plaintiff,                 TRANSFERS;
17                                  (2)  AVOIDANCE OF POST-PETITION
         vs.                             TRANSFER; AND
18                                  (3)  RECOVERY OF AVOIDED
    AMERICAN EXPRESS COMPANY,            TRANSFERS
19
              Defendant.            [11 U.S.C. §§ 547(b), 549(a)
20                                  and 550(a)]

21                                  Date:  [TO BE SET BY SUMMONS]
                                    Time:
22                                  Place:

23

24  TO THE HONORABLE THOMAS B. DONOVAN, UNITED STATES BANKRUPTCY

25  JUDGE:

26        Timothy J. Yoo, Chapter 7 trustee, the plaintiff herein

27  ("Plaintiff"), respectfully alleges as follows:

28  ///

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and 11 U.S.C. §§ 547, 549 and 550.

2.   This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b).

3.   Venue is proper in this Court under 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

4.   Plaintiff is informed and believes, and based thereon alleges, that American Express Company ("Defendant") is an entity subject to the jurisdiction of this Court, with a place of business located at 300 South Riverside Plaza, 9th Floor South, Chicago, Illinois 60606.

**GENERAL ALLEGATIONS**

5.   On October 31, 2007, an Involuntary Petition was filed against Solidus Networks, Inc. ("Debtor"), thereby commencing the above captioned bankruptcy case against the Debtor.   On December 14, 2007, an order for relief under Chapter 11 of Title 11 of the United States Code was entered against the Debtor.

6.   On October 10, 2008, an order converting the case to Chapter 7 was entered.

7.   Thereafter, Timothy J. Yoo was appointed Chapter 7 trustee for the Debtor's bankruptcy estate.

///

///

8.    Plaintiff is informed and believes, and based thereon alleges, that on or about the following dates, the Debtor made the following payments ( the "Pre-Petition Transfers") to Defendant:

| | |
|---|---|
| August 3, 2007 | $25,000 |
| August 22, 2007 | $35,000 |
| August 31, 2007 | $10,000 |
| September 7, 2007 | $15,000 |
| September 12, 2007 | $10,000 |
| September 13, 2007 | $10,000 |
| September 18, 2007 | $30,000 |
| September 21, 2007 | $15,000 |
| October 1, 2007 | $10,000 |
| October 2, 2007 | $20,000 |
| October 10, 2007 | $20,000 |
| October 17, 2007 | $5,000 |
| October 25, 2007 | $15,000 |
| **TOTAL** | $220,000 |

9.    Plaintiff is informed and believes, and based thereon alleges, that as of the date each of the Pre-Petition Transfers was made, the Debtor was liable to Defendant on an unpaid account owed by the Debtor to Defendant prior to the Pre-Petition Transfer.

///
///
///
///
///

10.    Plaintiff is informed and believes, and based thereon alleges, that on or about the following dates, the Debtor made the following payment ( the "Post-Petition Transfer") to Defendant:

| DATE | AMOUNT OF PAYMENT |
|------|-------------------|
| 12/03/07 | $93,877.05 |
| TOTAL | $93,877.05 |

### FIRST CLAIM FOR RELIEF

**(To Avoid Preferential Transfers - 11 U.S.C. § 547(b))**

11.    Plaintiff realleges and incorporates herein by reference the allegations set forth above in paragraphs 1 through 10 as though fully set forth herein.

12.    Plaintiff is informed and believes, and based thereon alleges, that each of the Pre-Petition Transfers  was a transfer of an interest of the Debtor in property.

13.    Plaintiff is informed and believes, and based thereon alleges, that each of the Pre-Petition Transfers  was made to Defendant for the benefit of Defendant, which was a creditor of the Debtor at the time of the Pre-Petition Transfer.

14.    Plaintiff is informed and believes, and based thereon alleges, that each of the Pre-Petition Transfers was made for or on account of an antecedent debt owed by the Debtor to Defendant.

15.    Plaintiff is informed and believes, and based thereon alleges, that each of the Pre-Petition Transfers  was made while the Debtor was insolvent.

///

1        16.   The Pre-Petition Transfers were made within ninety

2  days of the Petition Date.

3        17.   Plaintiff is informed and believes, and based

4  thereon alleges, that the Pre-Petition Transfers enabled

5  Defendant to receive more than it would have received if:

6        (a)   the case was a case under chapter 7 of Title 11;

7        (b)   the Pre-Petition Transfers had not been made; and

8        (c)   Defendant received payment of the debt to the

9               extent provided under Title 11 of the United

10              States Code.

11       18.   Accordingly, the Pre-Petition Transfers may be

12 avoided pursuant to 11 U.S.C. § 547(b).

13

14 **SECOND CLAIM FOR RELIEF**

15 **(To Avoid Post-Petition Transfer - 11 U.S.C. § 549(a))**

16       19.   Plaintiff realleges and incorporates herein by

17 reference the allegations set forth above in paragraphs 1 through

18 18 as though fully set forth herein.

19       20.   Plaintiff is informed and believes, and based

20 thereon alleges, that the Post-Petition Transfer was a transfer

21 of an interest of the Debtor in property.

22       21.   Plaintiff is informed and believes, and based

23 thereon alleges, that the Post-Petition Transfer was made to

24 Defendant for the benefit of Defendant.

25       22.   Plaintiff is informed and believes, and based

26 thereon alleges, that the Post-Petition Transfer was made after

27 the commencement of the case and was authorized only under 11

28 U.S.C. section 303(f).

23.   Plaintiff is informed and believes, and based thereon alleges, that some portion or all of the Post-Petition Transfer was made on account of a claim arising prior to the commencement of the case and that the Post-Petition Transfer may be avoided pursuant to 11 U.S.C. § 549(a) to the extent not made in exchange for value given after the commencement of the case and before the order for relief.

### THIRD CLAIM FOR RELIEF

### (To Recover Avoided Transfers - 11 U.S.C. § 550)

24.   Plaintiff realleges and incorporates herein by reference the allegations set forth above in paragraphs 1 through 23, as though fully set forth herein.

25.   Plaintiff is informed and believes, and based thereon alleges, that Defendant was the initial transferee of each of the Pre-Petition Transfers and the Post-Petition Transfer (collectively, the "Transfers"), or that it was the entity for whose benefit each of the Transfers was made, or that it was the immediate or mediate transferee of the initial transferee receiving each of the Transfers.

26.   Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant the property transferred or the value of the property transferred, for the benefit of the Debtor's estate.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

1.   For a judicial determination avoiding each of the Transfers and preserving the property transferred for the benefit of the Debtor's bankruptcy estate;

2.   For judgment for $313,877.05, together with interest thereon, at the legal rate, from the date of each of the Transfers;

3.   For costs of suit incurred herein; and

4.   For such other and further relief as the Court deems just and proper.

DATED:  December 2, 2009     ROBINSON, DIAMANT & WOLKOWITZ
                             A Professional Corporation


                             By:_____
                                 PHILIP A. GASTEIER
                                 CARMELA T. PAGAY
                                 Attorneys for Plaintiff
                                 Timothy J. Yoo, Chapter 7 Trustee

PAG/00205947.WPD/CMP/18558.000                    7

| | FOR COURT USE ONLY |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br><br>PHILIP A. GASTEIER (State Bar No. 130043)<br>ROBINSON, DIAMANT & WOLKOWITZ<br>A Professional Corporation<br>1888 Century Park East, Suit 1500<br>Los Angeles, California 90067<br>Telephone: (310) 277-740<br>Telecopier: (310) 277-7584<br><br>*Attorney for Plaintiff*  Timothy J. Yoo, Chapter 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: SOLIDUS NETWORKS, INC., a Delaware Corporation,<br><br><br><br>Debtor. | CHAPTER  7<br>CASE NUMBER  2:07-bk-20027<br><br>ADVERSARY NUMBER |
| TIMOTHY J. YOO, Chapter 7 Trustee,<br><br>vs.                                                   Plaintiff(s),<br><br>AMERICAN EXPRESS COMPANY,<br><br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____ , the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|
| [X]  255 East Temple Street, Los Angeles | | [ ]  411 West Fourth Street, Santa Ana | |
| [ ]  21041 Burbank Boulevard, Woodland Hills | | [ ]  1415 State Street, Santa Barbara | |
| [ ]  3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By:_____
                    *Deputy Clerk*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)*                                                                                    **F 7004-1**

F70041

FORM B104  (08/07)                                                                                2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS TIMOTHY J. YOO, Chapter 7 Trustee | DEFENDANTS AMERICAN EXPRESS COMPANY |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) Philip A. Gasteier, Esq.  (Telephone: 310-277-7400) Robinson, Diamant & Wolkowitz, APC 1888 Century Park East, Ste. 1500, Los Angeles, CA 90067 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☒ Trustee | ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☒ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoid Preferential Transfers - 11 U.S.C. §547(b); Avoid Post-Petition Transfer - 11 U.S.C. §549(a); Recovery Avoided Transfers - 11 U.S.C. §550;

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other §549, §550

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 313, 877.05 |

Other Relief Sought

CCD-B104

FORM B104 (08/07), page 2                                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>SOLIDUS NETWORKS, INC., a Delaware Corp. | | BANKRUPTCY CASE NO.<br>2:07-bk-20027-TD |
| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>December 2, 2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Philip A. Gasteier | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.