| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| PHILIP A. GASTEIER (State Bar No. 130043)<br>CARMELA T. PAGAY (State Bar No. 195603)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, CA 90067<br>Telephone: (310) 229-1234<br>Facsimile: (310) 229-1244<br>Email: pag@lnbyb.com; ctp@lnbyb.com<br>*Attorney for* Timothy J. Yoo, Chapter 7 Trustee | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re: SOLIDUS NETWORKS, INC., a Delaware Corporation,<br><br><div align="right">Debtor.</div> | CHAPTER 7_____<br><br>CASE NUMBER 2:07-bk-20027-TD<br><br>DATE: July 7, 2011<br>TIME: 11:00 a.m.<br>COURTROOM: 1345 |

## APPLICATION FOR PAYMENT OF:

[X] **INTERIM FEES AND/OR EXPENSES (11 U.S.C. § 331)**

[ ] **FINAL FEES AND/OR EXPENSES (11 U.S.C. § 330)**

1. Name of Applicant *(specify)*: Levene, Neale, Bender, Yoo & Brill L.L.P.

2. Type of Services Rendered:

   a. [X] Attorney for *(specify)*: Timothy J. Yoo, Chapter 7 Trustee

   b. [ ] Accountant for *(specify)*:

   c. [ ] Other Professional *(specify)*:

3. Date of Filing of Petition under Chapter 7_____ of the Bankruptcy Code: October 31, 2007

4. Date of Entry of Order Approving Applicant's Employment: March 5, 2010

5. Date of Filing of last Fee and/or Expense Application: N/A

6. Total Fees allowed or paid to Applicant to Date (including Retainers and Prior Approved Fee Applications): $ N/A

   a. Retainer received: $ N/A

   b. Retainer remaining as of the date of this application: $ N/A

   c. Total amount requested in all prior applications: $ N/A

   d. Total amount actually paid pursuant to prior approved applications: $ N/A

   e. Total amount currently due but unpaid pursuant to prior approved applications: $ N/A

   f. Total amount allowed but reserved pending final fee application: $ N/A

*(Continued on next page)*

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 2016-1.2**

F201612

Fee/Expense Application - *Page 2*                              **F 2016-1.2**

| In re SOLIDUS NETWORKS, INC., a Delaware Corporation, | CHAPTER 7 |
|---|---|
| Debtor. | CASE NUMBER 2:07-bk-20027-TD |

7. **Summary of Requested Fees**:  (Attach detailed supporting documentation to this Application)

| Professional Person's Name | Hourly Rate | x | Total Hours this Person | = | Total Fees this Person |
|---|---|---|---|---|---|
| a. See attached Exhibit A | $ | x | | = | $ |
| b. | $ | x | | = | $ |
| c. | $ | x | | = | $ |
| d. | $ | x | | = | $ |
| e. | $ | x | | = | $ |
| f. | $ | x | | = | $ |

   g. ☐ Continued on Attached Page

8. The hourly rates above are the same rates charged by the above professionals for non-bankruptcy services except as follows:                                    ☐ See Attached Page

9. Bonus requested (final fee applications only): $ N/A
(Attach Declaration and Memorandum of Points and Authorities justifying bonus)

10. **TOTAL FEES REQUESTED THIS APPLICATION**: $ 308,808.00

11. Total Expenses paid to Applicant to Date (including Retainers and Prior Approved Expense Applications): $ N/A

12. **Summary of Requested Expense Reimbursement**:  (Attach detailed supporting documentation to this Application)

| Type of Expense | Reimbursement Requested this Application |
|---|---|
| a. See attached Exhibit B | $ |
| b. | $ |
| c. | $ |
| d. | $ |
| e. | $ |
| f. | $ |

   g. ☐ Continued on Attached Page

13. **TOTAL EXPENSE REIMBURSEMENT REQUESTED THIS APPLICATION**: $ 12,117.43

14. Applicant submits the following in support of the Application herein pursuant to Local Bankruptcy Rule 2016-1 *(specify)*:
Narrative, Declaration of Philip A. Gasteier, Billing Statements (Exhibits A-B), Resume (Exhibit C)

15. Total Number of attached pages of supporting documentation: _271_

16. Applicant declares under penalty of perjury under the laws of the United States of America that the foregoing Application and all attached supporting documentation are true and correct and accurately reflect services rendered and expenses incurred.

17. Executed on the _16th_ day of _June_ , 20_11_ , at _Los Angeles_ , California.

CARMELA T. PAGAY
*Type Name of Applicant*

*Signature of Applicant*

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                          **F 2016-1.2**

**In re Solidus Networks, Inc., et al.**
**Bankruptcy Case No. 2:07-bk-20027-TD**

## I.

## INTRODUCTORY STATEMENT

By this Application, Levene, Neale, Bender, Yoo & Brill L.L.P. ("Applicant" or "LNBYB") seeks approval and payment of $308,808.00 in fees and $12,117.43 in costs, for a total of $320,925.43 for the period from January 1, 2010 through June 10, 2011 (the "Period").

This is LNBYB's first request for compensation and reimbursement of expenses in this case.

## II.

## NARRATIVE SUMMARY OF SIGNIFICANT EVENTS

Order Authorizing Employment.

On March 5, 2010, the Court entered an order approving the employment of Applicant as counsel for the Trustee effective January 1, 2010. The Trustee had previously employed Robinson, Diamant & Wolkowitz, A Professional Corporation ("RDW") as general counsel in these cases. Effective January 1, 2010, RDW merged into LNBYB, formerly known as Levene, Neale, Bender, Rankin & Brill, L.L.P.

Procedural History.

Solidus Networks, Inc. consented to an order for relief under chapter 11 of the Bankruptcy Code on December 14, 2008, following the filing of an involuntary petition on October 31, 2007.

Pay By Touch Processing, Inc., Pay By Touch Payment Networks, and Pay By Touch Check Cashing, Inc., filed voluntary petitions under chapter 11 of the Bankruptcy Code on December 14, 2007.

///

On October 10, 2008, all of the cases were converted to Chapter 7 (the "Conversion Date"). Thereafter, the Trustee was appointed as the Chapter 7 trustee for the Debtors' bankruptcy estates (collectively, the "Estate"). The Debtors' estates and cases were substantively consolidated pursuant to Order entered December 16, 2009.

<u>Disposition of Assets in the Chapter 11 Case.</u>

At the outset of these cases, the Debtors advised that they were dedicated to becoming the preeminent global authentication and payments network, providing the most secure, convenient, and cost-effective electronic transaction solutions for businesses and consumers around the world. However, the Debtors had not reached a point of viability. In seeking DIP Financing, the Debtors stated that the Estate was experiencing a "cash burn rate" of approximately $3.5 Million per month, which had been reduced from approximately $5 Million per month approximately one month earlier. The Debtors' assets were encumbered by liens securing in excess of $150,000,000 of pre-petition debt, $9.0 million of gap debt and $13.5 million of post-petition debt. Pursuant to the Final Order (I) Authorizing Debtors to Obtain Postpetition Financing Pursuant to Sections 363 and 364 of the Bankruptcy Code, (II) Granting Liens and Superpriority Claims to Postpetition Lenders Pursuant to Section 363 of the Bankruptcy Code, (III) Authorizing Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code and (IV) Providing Adequate Protection to Postpetition Lenders and Gap Period Lenders Pursuant to Sections 361, 362, 363 and 364 of the Bankruptcy Code, entered January 28, 2008 (the "Financing Order"), and the "Post-Petition Financing Documents" authorized thereby, among other things: (1) the Lenders were granted valid, binding enforceable, first priority and perfected liens on substantially all of the assets of the Debtors and the Estates; and (2) the Lenders agreed to a "Carve-Out" for payment of professional fees, courts costs and fees of the United States Trustee, as specified in the Financing Order.

- 2 -

Pursuant to Orders of the Bankruptcy Court (the "Non-Core Asset Sale Orders"), certain assets of the Debtor Solidus Networks, Inc. and substantially all of the business operating assets of the Debtors Pay By Touch Check Cashing, Inc., Pay By Touch Checking Resources, Inc., Pay By Touch Processing, Inc., Pay by Touch Payment Solutions, Inc. and Pay By Touch Payments, Inc. were sold to various purchasers (the "Non-Core Asset Sales").

Pursuant to Order entered March 28, 2008 (the "Core Asset Sale Order"), substantially all of the remaining assets of Solidus Networks, Inc., and substantially all of the assets of the Debtors not involved in the Non-Core Asset Sales, were sold to You Technology Inc. (YTI"), then known as YT Acquisition Corporation, under an Asset Sale and Purchase Agreement dated as of March 28, 2008 (the "Core Asset Sale Agreement"), for (1) cash in the amount of $4.4 Million, constituting full satisfaction of the Carve-Out under the Financing Order; and, (2) a credit bid of $50,000,000 of secured debt assigned to YTI by the Lenders (the "Core Asset Sale"). Thus, all of the operating assets of the Debtors and the Estate were sold. The Non-Core Asset Sales yielded relatively small proceeds. The Core Asset Sale was effectively a credit bid foreclosure by the Lenders, resulting in the remaining operating assets being transferred to an entity created by the Lenders for that purpose. To the extent assets were not sold, they remained subject to the liens of the Lenders except as provided in the Core Asset Sale Order.

Proceedings in the Chapter 7 Case Prior to the Period.

Following the closing of the last sale in April 2008, the Debtors continued the administration of the Estate, until the cases were converted to Chapter 7 cases on or about October 8, 2008. The Debtors collected approximately $3 million in funds which were subject to asserted claims of the Lenders or of YTI, which funds were commingled with funds of the Estate. Following the Trustee's appointment and its retention, the Trustee (and at that time RDW as his counsel) was required to determine what assets remained (had not been sold) and what

- 3 -

1   assets remained subject to liens. First the Trustee had to verify what amount was remaining

2   from the $4.4 million cash payment from the sale of the assets included in the "Core Business

3   Operations" which closed the end of March 2008. This involved matters such as legal analysis

4   of separating out proceeds of assets which had been included in the sale, and accounting for

5   return of deposits attributable to other sources. RDW determined that, at the time of the

6   conversion of the case in early October 2008, $111,343.50 of the $4.4 Million cash

7

8   consideration remained in Solidus's account. However, RDW also determined that as a result

9   of releases contained in the Core Asset Sale Order and the Core Asset Sale Agreement, certain

10  other assets had been released from the comprehensive pre-petition and post-petition liens of

11  the Lenders. RDW determined that Solidus was entitled to retain an additional $350,000 of

12  amounts which it expended relating to the maintenance of operations and sale of the assets of

13  PBT Processing and PBT Payment. RDW also determined that the release covered assets of

14  PBT CC, and that PBT CC had a claim for a possible tax refund. RDW worked with the

15  accountants employed in the Chapter 7 Estates to pursue recovery of a tax refund in the amount

16  of $323,174.56 which was collected by the Trustee.

17

18          Based on this initial analysis, RDW performed additional investigation and analysis to

19  determine what other assets could be available, what funds turned over to the Trustee

20  were sale proceeds or subject to liens of the Lenders, and what benefit to the estate there may

21  be in further spending time on such assets. The Trustee and RDW then presented the Lenders

22  with an analysis and proposal on behalf of the Trustee. The Lenders made no objection to the

23  analysis but failed to respond to the proposal until 2010.

24

25          In the course of its investigation, RDW learned of pending litigation in the Dallas

26  Bankruptcy Court in which Solidus was a defendant and had been required to place a deposit to

27  cover certain fees incurred by the plaintiff. Although the deposit could not be recovered, in

28

settlement funded by Solidus's insurance carrier RDW negotiated a payment to the estate of $12,000 from the carrier and the plaintiff to help reimburse the estate for costs in completing the settlement.  (As is the case with other pending litigation, if the matter had not settled the estate would likely have been burdened with discovery costs following relief from stay to pursue insurance proceeds.)  RDW also identified deposits held by the company which had processed payroll for the Debtor, and found that although the Debtor had not had employees since April 2008, no 2008 W-2 Forms had been issued.  RDW negotiated to have the deposits fund production of the W-2 forms, so that the Trustee was then able to forward them to employees, and for turnover of the balance of the deposits to the estate.   Although other amounts have also been collected by the Trustee, they may be subject to liens or prior sales, and so were not included in the calculation of free and clear funds.

At the time of the prior interim application of LNBYB the Trustee held $796,518.06 in unencumbered funds, including:

| | |
|---|---|
| Remaining cash consideration: | $111,343.50 |
| Released reimbursement amount: | 350,000.00 |
| Released tax refund: | 323,174.56 |
| Insurance reimbursement: | 12,000.00 |
| | $796,518.06 |

The Trustee also continued to hold over $2 million in encumbered funds and to pursue avoidance actions, collection of notes, and other causes of action, with the objective to maximize recovery in the above categories, limit administrative costs, then determine what priority claims may be paid by the proceeds.

RDW performed an investigation and initial preference analysis which resulting in the filing of 21 complaints to avoid and recover preferential or post-petition transfers.  The actions

were filed in late 2009 after obtaining additional information from the Debtor's records and evaluating responses from those potential defendants who responded to demand letters. In order to obtain necessary information the Trustee and RDW were required to take action to restore access to an offsite accounting system with licensing where the Debtors' accounting records had been stored.

RDW and the Trustee took efforts to preserve and pursue actions against officers and directors, and/or other related entities involved in arranging financing for the Debtor. Demands to collect several officer notes given for purchase of Debtor's stock in better days met with asserted defenses, including rights of indemnification in connection with ongoing securities litigation in which the officers are defendants. Although the Trustee and RDW seriously pursued finding counsel to undertake such actions on behalf of the estate and pursue recovery from insurance, such efforts were not immediately successful. The Trustee requested that RDW take steps to preserve potential insurance recovery and find appropriate counsel to pursue them. Accordingly, RDW made demands on the officers and directors as well as insurers; resisting relief from stay to preserve some potential control of the Court over payment of defense costs from the policy limits; negotiating appropriate carveouts in insurance releases demanded by the insurers in settlements of other actions; and supplying information to potential counsel.

As part of preserving these actions, it was prudent for the Trustee to also retain Debtor records. Moreover, the Debtor's records were subject to preservation due to a Federal Grand Jury subpoena and demands in pending litigation. The pending litigation in which relief from stay was granted left the estate subject to discovery demands. Due to the volume of the data, this threatened to be exceedingly expensive. RDW took steps to have counsel for the Debtor who was being paid by the insurance carrier take control of this process, and RDW took other

- 6 -

steps at the behest of the Trustee to limit or avoid costs in this regard.   These efforts bore fruit as a result of the consolidation of discovery in all securities litigation and the agreement of the insurer to cover fees and costs of counsel for Solidus (not RDW or Applicant) to handle all aspects of the documents and discovery in that litigation.  (Some of the litigation did not involve the Debtor as a party.)  This greatly limited future costs of professionals being compensated from the estate.

Additional events and services immediately prior to LNBYB's retention are described in the Application of RDW being filed contemporaneously with this Application.

Services During the Period.

During the Period, LNBYB'S services focused predominantly on prosecution and settlement of avoidance actions; completion of a reconciliation and settlement with the Secured Lenders concerning funds collected by the Debtors and the Trustee; pursuit of recoveries from D&O insurance and officers and directors in connection with Securities Litigation pending in Northern California; coordinating with insurance counsel regarding discovery matters and privilege issues in the Securities Litigation, and certain wrongful termination actions also covered by insurance; various tax matters; the Debtor's 401k plan, employee records and tax reporting, and other communications with interested parties.

The majority of Applicant's time during the Period involved prosecution of the following adversary proceedings on behalf of the Trustee:

1)    Timothy J. Yoo, Chapter 7 Trustee v. Tasq Technology – 2:09-ap-02681-TD

This adversary proceeding involved the avoidance and recovery of a payment from the Debtor to defendant in the amount $82,305.48 as a post-petition transfer.  Defendant provided information to Applicant that the transfer at issue was followed by new value provided during the gap period which significantly reduced defendant's liability to the estate to approximately

- 7 -

$58,790.34. Given the amount at stake, Applicant shepherded a settlement by which defendant would pay the Estate the sum of $40,000.00. Applicant prepared and filed the motion seeking approval of the parties' compromise, and the settlement was approved by Court Order entered on October 15, 2010. Following receipt of the settlement amount, the adversary proceeding was dismissed.

2)    Timothy J. Yoo, Chapter 7 Trustee v. NCR Corporation – 2:09-ap-02682-TD

This adversary proceeding involves the avoidance and recovery of payments from the Debtor to defendant totaling $147,000.00 as preferences and a payment in the amount $50,920.00 as a post-petition transfer. Applicant propounded discovery on defendant and responded to defendant's discovery and the parties are continuing to discuss resolution of this adversary proceeding.

3)    Timothy J. Yoo, Chapter 7 Trustee v. Interwest Insurance Services, Inc. – 2:09-ap-02683-TD;

This adversary proceeding involves the avoidance and recovery of payments from the Debtor to defendant totaling $43,999.00 as preferences and payments totaling $268,622.63 as post-petition transfers. Defendant contended that it was merely an insurance broker that passed on the transfers it issue to the respective insurers of the Debtor. Following analysis by Applicant of extensive documentation from defendant, it was determined that appeared to be the case except for one payment in the amount of $20,260.25, which Defendant advanced to the insurer prior to receiving the transfer from the Debtor. Given the amount at stake, Applicant shepherded a settlement by which InterWest would pay the Estate the sum of $18,000.00. Applicant prepared and filed the motion seeking approval of the parties' compromise, and the settlement was approved by Court Order entered on November 16, 2010. Following receipt of the settlement amount, the adversary proceeding was dismissed.

4)    Timothy J. Yoo, Chapter 7 Trustee v. Kevin Jensen – 2:07-ap-02684-TD

This adversary proceeding involves the avoidance and recovery of payments from the

Debtor to defendant totaling $53,416.23 as preferences and payments totaling $12,669.12 as post-

petition transfers.  Although Kevin Jensen ("Jensen") filed a response to the Trustee's complaint,

he failed to respond to discovery or participate in continued status conferences which resulted in

Applicant preparing and filing a motion to strike Jensen's answer and for entry of default

judgment.  Subsequently, Jensen retained counsel and following discussions and exchange of

information, it became clear that Jensen had strong defenses to the Trustee's complaint.  The

adversary proceeding was ultimately dismissed by order entered on March 30, 2011.

5)    Timothy J. Yoo, Chapter 7 Trustee v. Channelforce, Inc. – 2:07-ap-02685-TD

This adversary proceeding involves the avoidance and recovery of payments from the

Debtor to defendant totaling $80,000.00 as preferences and a payment in the amount of

$40,856.35 as a post-petition transfer.  Defendant failed to respond to the Trustee's complaint.

Applicant prepared and obtained a request for default against defendant which was entered on

April 21, 2010.  Subsequently, Applicant prepared a motion for default judgment, setting forth all

evidence in support of its allegations in the complaint, and a default judgment was entered in

favor of the Trustee and against defendant on November 9, 2010 for the full amount prayed for in

the complaint plus interest.

6)    Timothy J. Yoo, Chapter 7 Trustee v. Xperex Corporation – 2:07-ap-02686-TD

This adversary proceeding involves the avoidance and recovery of payments from the

Debtor to defendant totaling $185,000.00 as preferences and payments totaling $300,000.00 as

post-petition transfers.  Defendant failed to respond to the Trustee's complaint.  Applicant

prepared and obtained a request for default against defendant which was entered on March 22,

2010.  Subsequently, Applicant prepared a motion for default judgment, setting forth all evidence

in support of its allegations in the complaint, and a default judgment was entered in favor of the Trustee and against defendant on October 20, 2010 for the full amount prayed for in the complaint plus interest.

7)    Timothy J. Yoo, Chapter 7 Trustee v. Marger Johnson – 2:07-ap-02688-TD

This adversary proceeding involves the avoidance and recovery of a payment from the Debtor to defendant in the amount of $21,953.00 as a preference and a payment in the amount of $26,680.00 as a post-petition transfer. Defendant provided Applicant with sufficient information that the preferential transfer was made in the ordinary course of business and the post-petition transfer was followed by new value provided during the gap period, which meant that neither transfer was recoverable by the Trustee. Applicant advised the Trustee that continuing litigation of this adversary proceeding was not beneficial to the estate and the adversary was dismissed on October 21, 2010.

8)    Timothy J. Yoo, Chapter 7 Trustee v. Blue Shield of California – 2:07-ap-02689-TD

This adversary proceeding involves the avoidance and recovery of payments from the Debtor to defendant totaling $1,251,859.92 as a preference and a payment in the amount of $306,409.75 as a post-petition transfer. Defendant responded to the complaint and provided Applicant with sufficient information evidencing that the payments were for insurance premiums. Applicant advised the Trustee that continuing litigation of this adversary proceeding was not beneficial to the estate and the adversary was dismissed on August 26, 2010.

9)    Timothy J. Yoo, Chapter 7 Trustee v. AT&T Mobility LLC – 2:07-ap-02690-TD

This adversary proceeding involves the avoidance and recovery of a payment from the Debtor to defendant in the amount of $58,619.47 as a preference and a payment in the amount of $172,192.82 as a post-petition transfer. Defendant responded to the complaint and Applicant

- 10 -

propounded discovery on defendant. Defendant provided Applicant with sufficient information evidencing that the preferential payment was followed by new value and offered to pay 75% of its remaining potential liability. Applicant advised the Trustee that the proposed settlement was in the best interest of the estate. After acceptance by the Trustee, Applicant prepared the settlement agreement by which defendant would pay the Estate the sum of $130,000.00. The parties are finalizing such agreement.

          10)     Timothy J. Yoo, Chapter 7 Trustee v. World Class International, Inc. – 2:07-ap-02691-TD

        This adversary proceeding involves the avoidance and recovery of payments from the Debtor to defendant totaling $71,583.56 as preferences and a payment in the amount of $23,640.00 as a post-petition transfer. Defendant failed to respond to the Trustee's complaint. Applicant prepared and obtained a request for default against defendant which was entered on March 22, 2010. Subsequently, Applicant prepared a motion for default judgment, setting forth all evidence in support of its allegations in the complaint, and a default judgment was entered in favor of the Trustee and against defendant on September 28, 2010 for the full amount prayed for in the complaint plus interest.

          11)     Timothy J. Yoo, Chapter 7 Trustee v. American Express Company – 2:07-ap-02755-TD

        This adversary proceeding involves the avoidance and recovery of payments from the Debtor to defendant totaling $220,000.00 as preferences and a payment in the amount of $93,877.05 as a post-petition transfer. Defendant responded to the complaint and provided Applicant with sufficient information evidencing that the preferential payments were made in the ordinary course of business and were followed by new value and offered to pay the Estate $75,000.00, which was approximately 66% of its remaining potential liability. Applicant

prepared and filed the motion seeking approval of the parties' compromise, and the settlement

was approved by Court Order entered on February 17, 2011. Following receipt of the settlement

amount, the adversary proceeding was dismissed.

      12)    <u>Timothy J. Yoo, Chapter 7 Trustee v. IBM Corporation</u> – 2:07-ap-02756-TD

      This adversary proceeding involves the avoidance and recovery of payments from the

Debtor to defendant totaling $485,000 as preference sand a payment in the amount of

$100,000.00 as a post-petition transfer. Defendant provided Applicant with extensive

information about its defenses (i.e., that new value during the preference period slightly reduced

its liability and new value during the gap period would wipe out its postpetition liability almost

entirely) and subsequently offered to pay the estate 92% of its remaining potential liability.

Applicant advised the Trustee that the proposed settlement was in the best interest of the estate.

After acceptance by the Trustee, Applicant prepared the settlement agreement by which defendant

would pay the Estate the sum of $310,000.00. Applicant also prepared and filed the motion

seeking approval of such settlement, which is pending.

      13)    <u>Timothy J. Yoo, Chapter 7 Trustee v. Arrow Electronics</u> – 2:07-ap-02848-TD

      This adversary proceeding involves the avoidance and recovery of payments from the

Debtor to defendant totaling $300,342.64 as preferences. Defendant responded to the complaint

and provided Applicant with sufficient information evidencing that $86,839.39 of the total were

prepayments for services as the dates of the invoices paid were after the payments at issue,

$34,232.61 of the total was a duplicate payment (wire sent after check), and another $34,232.61

was eventually refunded per the Debtor's request. Based on the foregoing, Defendant offered to

pay the Estate $110,000, which the Trustee accepted. Applicant prepared and filed the motion

seeking approval of the parties' compromise, and the settlement was approved by Court Order

entered on May 24, 2011. The settlement amount has been received and the stipulation for

1    dismissal of the adversary proceeding has been filed.

2        14)    Timothy J. Yoo, Chapter 7 Trustee v. Business Leasing Associates, Inc. – 2:07-ap-

3    02851-TD

4        This adversary proceeding involves the avoidance and recovery of payments from the

5    Debtor to defendant totaling $15,203.22 as preferences.  Defendant failed to respond to the

6    Trustee's complaint.  Applicant prepared and obtained a request for default against defendant

7    which was entered on March 3, 2010.  Subsequently, Applicant prepared a motion for default

8    judgment, setting forth all evidence in support of its allegations in the complaint, and a default

9    judgment was entered in favor of the Trustee and against defendant on September 28, 2010 for

10    the full amount prayed for in the complaint plus interest.

11        15)    Timothy J. Yoo, Chapter 7 Trustee v. EFT Corp. – 2:07-ap-02854-TD

12        This adversary proceeding involves the avoidance and recovery of payments from the

13

14    Debtor to defendant totaling $28,774.38 as preferences.  Defendant provided Applicant with

15    sufficient information reflecting that the payments were made in the ordinary course of business,

16    drastically reducing defendant's potential liability to the estate. Given the amount at stake,

17    Applicant shepherded a settlement by which defendant would pay the Estate the sum of

18    $3,000.00.  Applicant prepared and filed the motion seeking approval of the parties' compromise,

19

20    and the settlement was approved by Court Order entered on January 4, 2011.  Following receipt

21    of the settlement amount, the adversary proceeding was dismissed.

22

23        16)    Timothy J. Yoo, Chapter 7 Trustee v. XO Communications – 2:07-ap-02856-TD

24        This adversary proceeding involves the avoidance and recovery of payments from the

25    Debtor to defendant totaling $12,460.67 as preferences.  Defendant provided Applicant with

26    sufficient information reflecting that the payments were made in the ordinary course of business,

27    drastically reducing defendant's potential liability to the estate. Given the amount at stake,

28

- 13 -

Applicant shepherded a settlement by which defendant would pay the Estate the sum of $5,000.00. Applicant prepared and filed the motion seeking approval of the parties' compromise, and the settlement was approved by Court Order entered on October 15, 2010. Following receipt of the settlement amount, the adversary proceeding was dismissed.

17)    Timothy J. Yoo, Chapter 7 Trustee v. Tolt Technologies Service Group – 2:07-ap-03091-TD

This adversary proceeding involves the avoidance and recovery of a payment from the Debtor to defendant in the amount of $5,000.00 as a preference and payments totaling $57,088.06 as post-petition transfers. Defendant failed to respond to the Trustee's complaint. Applicant prepared and obtained a request for default against defendant which was entered on March 22, 2010. Subsequently, Applicant prepared a motion for default judgment, setting forth all evidence in support of its allegations in the complaint, and a default judgment was entered in favor of the Trustee and against defendant on January 24, 2011 for the full amount prayed for in the complaint plus interest.

18)    Timothy J. Yoo, Chapter 7 Trustee v. Bridge Design, Inc. – 2:07-ap-03094-TD

This adversary proceeding involves the avoidance and recovery of a payment from the Debtor to defendant in the amount of $45,000.00 as a preference. Defendant provided Applicant with sufficient information reflecting that the payment was made in the ordinary course of business, drastically reducing defendant's potential liability to the estate. Given the amount at stake, Applicant shepherded a settlement by which defendant would pay the Estate the sum of $12,000.00. Applicant prepared and filed the motion seeking approval of the parties' compromise, and the settlement was approved by Court Order entered on January 4, 2011. Following receipt of the settlement amount, the adversary proceeding was dismissed.

19)    Timothy J. Yoo, Chapter 7 Trustee v. Nexant, Inc. – 2:07-ap-03095-TD

- 14 -

This adversary proceeding involves the avoidance and recovery of a payment from the Debtor to defendant in the amount of $137,090.28 as a preference.  Defendant responded to the complaint and provided Applicant with sufficient information reflecting that the payment was made in the ordinary course of business, significantly reducing defendant's potential liability to the estate. Given the amount at stake, Applicant shepherded a settlement by which defendant would pay the Estate the sum of $17,500.00.  Applicant prepared and filed the motion seeking approval of the parties' compromise, and the settlement was approved by Court Order entered on January 4, 2011.  Following receipt of the settlement amount, the adversary proceeding was dismissed.

      20)     Timothy J. Yoo, Chapter 7 Trustee v. Carr Texas OP LP Dallas – 2:07-ap-03096-TD

This adversary proceeding involves the avoidance and recovery of a payment from the Debtor to defendant in the amount of $62,716.66 as a preference.  Defendant responded to the complaint and provided Applicant with sufficient information reflecting that the payment was made in the ordinary course of business, significantly reducing defendant's potential liability to the estate. Given the amount at stake, Applicant shepherded a settlement by which defendant would pay the Estate the sum of $17,000.00.  Applicant prepared and filed the motion seeking approval of the parties' compromise, and the settlement was approved by Court Order entered on October 15, 2010.  Following receipt of the settlement amount, the adversary proceeding was dismissed.

      21)     Timothy J. Yoo, Chapter 7 Trustee v. MCI Communications Services, Inc. – 2:07-ap-03097-TD

This adversary proceeding involves the avoidance and recovery of payments from the Debtor to defendant totaling $163,388.27.  Defendant provided Applicant with information

- 15 -

1   establishing that the contracts involved had been assumed as part of a multi-account assumption

2   approved by Order entered September 12, 2008, implementing a sale to Cardworks Processing,

3   LLC.   The adversary proceeding was subsequently dismissed on April 8, 2010.

4
5       Thus, the actions have resulted in completed recoveries totaling $297,500 and pending

6   recoveries of $440,000, for a total of $737,500.00.  One action remains in contest.  In addition,

7   the Trustee has recovered approximately $777,000 in default judgments, the collectibility of

8   which is under review.  Four actions were terminated without recovery based on additional

9   information received from the defendants.

10      In addition, the Trustee retained $142,607.01 of encumbered funds turned over to the

11  Lenders/YTI pursuant to the settlement and reconciliation approved by Order entered April 29,

12  2011.  Because that agreement also allows the Trustee to retain a percentage of future recoveries

13
14  otherwise belonging to the Lenders, Applicant is reviewing remaining encumbered assets to

15  determine whether action is warranted.

16      The Trustee is in the process of completing negotiations on a tentative settlement with

17  former officers and directors in the Securities Litigation, which is being handled on a contingency

18  basis.  If that settlement is consummated, and the remaining avoidance actions are concluded, the

19
    Trustee believes that the litigation in this case may be concluded – other than claims litigation.
20
21      As discussed herein, all the services rendered on behalf of the Trustee were reasonable

22  and necessary for the benefit and protection of the estate.  Applicant has striven to protect the

23  interests of the estate while attempting to work efficiently and productively so as not to

24  overburden the estate with administrative costs.  Applicant has charged reasonable rates and seeks

25  reasonable compensation.  From the inception of the Applicant's employment, Applicant has

26  represented the Trustee and the interests of the estate in matters that are normally and usually

27  performed by general counsel for the Trustee.

28

# III.

## BRIEF STATEMENT OF SERVICES RENDERED AND TIME EXPENDED,

## FEES CHARGED FOR EACH MAJOR ACTIVITY CODE CATEGORY AND

## BENEFITS TO THE ESTATE

### A.    Asset Analysis and Recovery

This category involves the analysis and recovery of the estate's assets, including

discussions with the Trustee and various other related parties and their counsel regarding potential

recoveries.  Applicant spent time in this category of services primarily in connection with the

settlement and reconciliation with the Lenders, the Securities Action and potential recovery from

officers and directors.

As discussed in part above, Applicant undertook a comprehensive analysis of the funds

turned over to the Trustee to determine what was encumbered and what the Estate was entitled to

retain.  The Trustee had proposed an arrangement with the Lenders within months after his

appointment, under which the Trustee would be authorized to pursue recovery of property sold to

YTI or subject to the Lenders' liens, and retain a portion for the Estate.  Even though the Trustee

was holding several million dollars to which they were entitled, the Lenders and YTI were not

prepared to confront the issue.

Finally, in the late Summer of 2010, the Lenders advised that they were not interested in

working with the Trustee to collect other funds but would discuss the turnover of funds held by

the Trustee.  Applicant then worked with counsel for the Lenders to verify and explain the

reconciliation of accounts and to complete a stipulation under which the funds to which the

Lenders and/or YTI were entitled would be turned over to YTI, less a 5% handling fee to be

retained by the Estate, and the Lenders and YTI would agree that the remaining funds of the

Estate would be retained by the Estate free of their liens and interests.  This was critical to the

- 17 -

Estate in that it completed the reconciliation of commingled funds. The negotiations were long and required a detailed review of prior pleadings and financial information, as well as extended discussions with counsel. The Motion for approval of the resulting Stipulation was granted by Order entered April 29, 2011.

During the Period, Applicant also worked with insurance counsel handling the Securities Litigation to determine whether any recovery for the Estate was possible. Although Solidus is a defendant in several of the lawsuits, the Securities Litigation is a complex action in which numerous suits have been consolidated, primarily involving claims by investors against former officers, directors and financial advisors of Solidus. When it appeared that the Securities Litigation was going to a mediation session, Applicant worked with the Trustee to engage contingency litigation counsel to pursue recovery for the Estate. Applicant supplied necessary case information to litigation counsel and thereafter coordinated with litigation counsel and insurance counsel to pursue recovery.

During the Period of service for which compensation is sought, Applicant expended 60.2 hours in this category. The amount of fees attributable to this category is $31,628.50.

**B.    Case Administration**

This category involves continuous contact with the Trustee and his staff, the Debtors' representatives, the Office of the United States Trustee, the creditors concerning particular matters and the general status of the Debtors' case, as well as consulting with other interested parties in this case. Applicant devoted time in this category in connection with assisting the Trustee in concluding the Debtors' 401k plan, tax matters, records subpoenas, records storage issues, communications with creditors and communications with other professionals. When it appeared that the Debtors had not posted wage information with the Social Security Administration, Applicant worked with the Debtors' former employees and the accountant for the

Trustee to resolve the issue with ADP and get the information posted. Applicant coordinated with the accountant for the Trustee to resolve post-petition tax claim issues. Applicant pursued stipulations for offset and turnover with state tax authorities. Applicant coordinated with the records custodians regarding subpoenas for employee records.

During the Period for which compensation is sought, Applicant expended 33.5 hours in this category. The amount of fees attributable to this category is $11,863.50.

### C.    **Claims Administration and Objections**

This category of services relates to specific claim inquiries, bar date motions, analysis and objections and allowance of claims. Applicant analyzed and advised the Trustee concerning the validity of claims asserted against the Estate, and responded to inquiries from creditors.

During the Period for which compensation is sought, Applicant expended 2.1 hours in this category. The amount of fees attributable to this category is $670.00.

### D.    **Employment and Compensation**.

This category relates to employment of professionals and requests for compensation and reimbursement of expenses, including the retention of special litigation counsel on a contingency basis to pursue claims against officers and directors.

During the Period for which compensation is sought, Applicant expended 9.5 hours in this category. The amount of fees attributable to this category is $4,031.00.

### E.    **Relief from Stay**

This category involves services rendered in connection with motions for relief from the automatic stay filed under section 362 of the Bankruptcy Code. During the period, Applicant worked with counsel for plaintiffs to stipulate to relief from stay in additional filed securities actions which have been consolidated with the Securities Litigation.

///

During the Period for which compensation is sought, Applicant expended 1.0 hours in this category. The amount of fees attributable to this category is $540.00.

### E.    Other Litigation

This category predominantly involves services rendered in connection with the foregoing adversary proceedings, including various discussions with counsel, discovery, appearing at status conferences, seeking Court approval of the settlements reached, facilitating consummation of the settlements, and effecting dismissal of resolved adversary proceedings. The time billed to this category relating to avoidance actions primarily reflects litigation services. Bankruptcy issue analysis and backup is predominantly reflected in the category of Preference Actions below.

This category also includes services performed during the Period in connection with other litigation matters, including the Securities Litigation and employment termination matters, both of which were being defended by insurance counsel. However, the Estate was inextricable involved for a number of reasons. First the records in the possession or control of the Estate were subject to retention requirements imposed in the pending litigation as well as in connection with a pending Federal Grand Jury subpoena. The Estate was burdened with ongoing discovery requests. In addition, the policy is a burning limits insurance policy, meaning that costs of defense are charged against the policy limits, including but not limited to defense costs of the directors and officers covered by the policy. The Trustee also hoped to share in recovery, so the Estate also had an interest in the defense and results of litigation.

During the Period, Applicant coordinated with insurance counsel, the Trustee and FTI on two employment termination actions – Siegel and Robertson. Both were settled during the Period, but not before numerous discovery, subpoena and settlement issues required Applicant's attention. This included the scope of releases required by the insurer. Insurance counsel prepared the settlement motions filed in this Court, with input from Applicant.

- 20 -

Applicant coordinated with the FBI agent assigned to the Grand Jury investigation. Applicant was advised in October 2010 that that investigation was being closed and that the records of the Estate were no longer restricted by the Grand Jury subpoena.

Applicant coordinated with insurance company counsel on privilege waiver issues in connection with the Securities Litigation. This was important to the Estate because the attorney client privilege issues resulted in an understanding for insurance counsel to also handle employee record issues which threatened to cost the Estate very significant fees. Even though other privilege issues may be waived in connection with allowing access to documents, the impact of state law privacy issues remains.

Applicant also coordinated with special litigation counsel and insurance counsel on a settlement with the officers and directors in the Securities Litigation, and the tolling of the statute of limitations. The settlement discussions have been long and complex. A final agreement is anticipated soon, but if completed will remain subject to approval in the Securities Litigation and in this Court, among other things.

During the Period for which compensation is sought, Applicant expended 538.7 hours in this category. The amount of fees attributable to this category is $235,270.00.

**F.    Preference Actions**

This category also involves services rendered in connection with the foregoing adversary proceedings. The time billed to this category relating to avoidance actions primarily reflects bankruptcy issue analysis and backup. The avoidance actions raised a number of difficult legal issues requiring bankruptcy expertise. These included issues which were made more complex due to the fact that the Solidus case started as an involuntary case and concerned a gap period of several months. Litigation type services are predominantly reflected in the category of Other Litigation above.

- 21 -

During the Period for which compensation is sought, Applicant expended 45.9 hours in this category. The amount of fees attributable to this category is $24,805.00.

### IV.

### DOCUMENTARY SUPPORT

A summary of the time expended by, and the billing rates of, the particular professionals and paraprofessionals performing services, and the total fees for services performed in this case is attached hereto as Exhibit A and is incorporated herein by reference.

Attached hereto as Exhibit B is a summary listing by category and an itemization of all expenses that LNBYB advanced on behalf of the Trustee.

LNBYB generally handled regular and routine photocopying in-house. LNBYB charged its clients $0.20 per page for in-house photocopying, which amount represents LNBYB's actual costs incurred for the photocopying machines, supplies, and labor associated with providing photocopying services. LNBYB's photocopying machines automatically recorded the number of copies made when the person that was photocopying entered the client's account number into a device attached to the photocopy machine. Whenever feasible, LNBYB sent large copying projects to the outside copy services that charge bulk rates for photocopying. In such instances, unless the client paid such outside services directly, LNBYB charged its clients the amount that LNBYB paid to the outside services.

LNBYB also recorded telephone expenses associated with individual client accounts. These were also recorded automatically as the calls are made and summarized by client on a monthly basis. LNBYB has requested reimbursement of the costs of sending telecopies at $1.00 per page and receiving telecopies at $0.20 per fax (with no additional charge for long-distance telephone expenses on faxes). This amount reflects LNBYB's calculation of the actual costs incurred by LNBYB for the machines, supplies and extra labor expense associated with sending

- 22 -

and receiving telecopies and is reasonable in relation to the amounts charged by outside vendors who provide these services.

LNBYB incurred postage costs for mailing notices to creditors, serving pleadings, and sending general correspondences in the representation of Trustee. Costs for postage were also compiled automatically based on account numbers identified when postage is printed by LNBYB's postage meter.

Although LNBYB attempted to avoid messenger expenses when information can be transmitted by mail or telecopy, the charges for messenger services were posted to clients' accounts and reimbursement is requested at actual amounts charged by the outside services. When messengers must be used, LNBYB attempted to use the least expensive services available consistent with obtaining delivery within the time required.

LNBYB's firm resume listing the professional education and experience of LNBYB's attorneys and paralegals is attached as Exhibit C.

Notice of the Application shall be given to creditors pursuant to Bankruptcy Rule 2016-1 and Bankruptcy Rule 2002.

RD&W has no agreement, understanding or arrangement of any kind to divide or to pay any of the fees or expenses that RD&W requests in the Application to anyone, except to members of LNBYB as a result of the merger discussed above.

## V.

## CONCLUSION

LNBYB submits that this Application complies with the guidelines established by the OUST. In connection therewith, copies of the billings and the fee application were forwarded to the Trustee. Applicant respectfully submits that all of its services were reasonable and necessary for the effective administration of this estate. At this time, the estate has cash on hand in excess

- 23 -

of $760,000.00. There are two additional pending settlements which should yield the estate $440,000.00. Applicant anticipates that an order on a $310,000 settlement will be lodged on June 27.

WHEREFORE, LNBYB prays that this Court enter its Order as follows:

(1)    Approving the Application.

(2)    Approving and awarding on an interim basis the amount of $308,808.00, representing fees incurred for the Period from January 1, 2010 through June 10, 2011.

(3)    Approving and awarding on an interim basis the amount of $12,117.43, representing costs incurred for the Period from January 1, 2010 through June 10, 2011.

(4)    Approving, awarding and ordering, that the Trustee and the estate pay to LNBYB the total amount of $320,925.43.

(5)    For such other and further relief as this Court deems just and proper.

DATED:  June 16, 2011                    LEVENE, NEALE, BENDER, YOO & BRILL
                                         L.L.P.


                                         By:    /s/ Philip A. Gasteier
                                                PHILIP A. GASTEIER
                                                Attorneys for the Chapter 7 Trustee

## DECLARATION OF PHILIP GASTEIER

I, PHILIP GASTEIER, declare as follows:

1.    I am a partner of the Law Firm of Levene, Neale, Bender, Yoo & Brill L.L.P., formerly known as Levene, Neale, Bender, Rankin & Brill, L.L.P. ("LNBYB"), counsel for Timothy J. Yoo, the duly-appointed, qualified, and acting Chapter 7 trustee in the above-captioned bankruptcy case. All of the following facts are within my personal knowledge and are facts to which I could and would competently testify if called as a witness in this matter.

2.    This Declaration is made in support of the foregoing Application. Defined terms in the Application shall have the same meaning herein.

3.    I have reviewed the Application, and the matters stated in the Application are true to the best of my knowledge, information and belief.

4.    The amounts requested in the Application for fees and costs are based on the records assembled and kept in the ordinary course of LNBYB's business. Such records are made at or near the time by, or from information transmitted by, a person with knowledge of the matter recorded.

5.    A summary of the time expended by, and the billing rates of, the particular professionals and paraprofessionals performing services, and the total fees for services performed in this case is attached hereto as Exhibit A and is incorporated herein by reference.

6.    Attached hereto as Exhibit B is a summary listing by category and an itemization of all expenses that LNBYB advanced on behalf of the Trustee.

7.    LNBYB generally handled regular and routine photocopying in-house. LNBYB charged its clients $0.20 per page for in-house photocopying, which amount represents LNBYB's actual costs incurred for the photocopying machines, supplies, and labor associated with providing photocopying services. LNBYB's photocopying machines automatically

- 25 -

recorded the number of copies made when the person that was photocopying entered the client's account number into a device attached to the photocopy machine. Whenever feasible, LNBYB sent large copying projects to the outside copy services that charge bulk rates for photocopying. In such instances, unless the client paid such outside services directly, LNBYB charged its clients the amount that LNBYB paid to the outside services.

8.    LNBYB also recorded telephone expenses associated with individual client accounts. These were also recorded automatically as the calls are made and summarized by client on a monthly basis. LNBYB has requested reimbursement of the costs of sending telecopies at $1.00 per page and receiving telecopies at $0.20 per fax (with no additional charge for long-distance telephone expenses on faxes). This amount reflects LNBYB's calculation of the actual costs incurred by LNBYB for the machines, supplies and extra labor expense associated with sending and receiving telecopies and is reasonable in relation to the amounts charged by outside vendors who provide these services.

9.    LNBYB incurred postage costs for mailing notices to creditors, serving pleadings, and sending general correspondences in the representation of Trustee. Costs for postage were also compiled automatically based on account numbers identified when postage is printed by LNBYB's postage meter.

10.    Although LNBYB attempted to avoid messenger expenses when information can be transmitted by mail or telecopy, the charges for messenger services were posted to clients' accounts and reimbursement is requested at actual amounts charged by the outside services. When messengers must be used, LNBYB attempted to use the least expensive services available consistent with obtaining delivery within the time required.

11.    LNBYB's firm resume listing the professional education and experience of LNBYB's attorneys and paralegals is attached as Exhibit C.

- 26 -

12.      Notice of the Application shall be given to creditors pursuant to Bankruptcy Rule 2016-1 and Bankruptcy Rule 2002 by the Trustee.

13.      I am informed and believe that the Application complies with the guidelines established by the OUST. In connection therewith, copies of the billings and the fee application were forwarded to the Trustee.


Executed under penalty of perjury under the law of the United States of America this 16th day of June, 2011 at Los Angeles, California.

_/s/ Philip Gasteier_____
PHILIP GASTEIER

## DETAILED ACTIVITIES

| T. YOO, TSTEE. for SOLIDUS | 6/16/2011 | Page # | 1 |
|---|---|---|---|
| CASE #   18558 | From Date | | 1/1/2010 |
| | To Date | | 6/10/2011 |

### 01 - ASSET ANALYSIS AND RECOVERY

1/7/2010   PREPARATION OF CORRESPONDENCE GARFIELD RE TOLLING STIPULATION SECURITIES AND OFFICERS LITIGATION

| 1166480 | PAG | 540.00 | $108.00 | 0.2 |

1/7/2010   TELEPHONE CONF. W/ OPP COUNSEL JOSH LEWIS RE ATLANTA LEASE DEPOSIT LENDERS NOT RESPONSIVE

| 1166627 | PAG | 540.00 | $54.00 | 0.1 |

5/17/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM LEWIS RE ATLANTA DEPOSITS, STATUS WITH YOU TECHNOLOGY

| 1211643 | PAG | 540.00 | $54.00 | 0.1 |

6/7/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM TRUSTEE, REPLY RE LENDER ISSUES

| 1218586 | PAG | 540.00 | $54.00 | 0.1 |

6/15/2010   TELEPHONE CONFERENCE W/ CLIENT TRUSTEE RE LENDER STIPULATION

| 1227873 | PAG | 540.00 | $54.00 | 0.1 |

6/15/2010   CONFERENCE WITH OPP COUNSEL RINEHART, TRUSTEE RE LENDER STIPULATION, ASSETS, CONFER TRUSTEE RE SAME

| 1227878 | PAG | 540.00 | $1,512.00 | 2.8 |

6/15/2010   REVIEW DOCUMENTS RE STORAGE FEES, YOU TECH

| 1227911 | PAG | 540.00 | $108.00 | 0.2 |

6/29/2010   ANALYSIS OF CORRESPONDENCE FROM LONG LEVIT RE SECURITIES LITIGATION ANALYSIS

| 1227997 | PAG | 540.00 | $324.00 | 0.6 |

6/30/2010   REVIEW REVIEW LENDER STIPULATION MATERIAL RE PREP MEETING

| 1227708 | PAG | 540.00 | $216.00 | 0.4 |

7/13/2010   TELEPHONE CONF. W/ CO-COUNSEL GARFIELD RE SECURITIES LITIGATION, MEDIATION, ESTATE ISSUES

| 1232208 | PAG | 540.00 | $324.00 | 0.6 |

7/15/2010   ANALYSIS OF DOCUMENTS RE INSURANCE COVERAGE RE PENDING LITIGATION, COVERAGE AND MEDIATION ISSUES

| 1232948 | PAG | 540.00 | $378.00 | 0.7 |

**EXHIBIT 1 PAGE 28**

**DETAILED ACTIVITIES**

| | | | | |
|---|---|---|---|---|
| **T. YOO, TSTEE. for SOLIDUS** | | 6/16/2011 | **Page #** | **2** |
| **CASE #   18558** | | **From Date** | | **1/1/2010** |
| | | **To Date** | | **6/10/2011** |

7/15/2010   PREPARATION OF CORRESPONDENCE EMAIL TO GARFIELD RE INSURANCE INFORAMATION

| 1232949 | PAG | 540.00 | $216.00 | 0.4 |
|---|---|---|---|---|

7/15/2010   PREPARATION OF CORRESPONDENCE MEMO, ANALYSIS AND EMAIL TO TRUSTEE RE SECURITIES LITIGATION, INTEREST OF ESTATE

| 1232950 | PAG | 540.00 | $432.00 | 0.8 |
|---|---|---|---|---|

7/16/2010   REVIEW MATERIAL FROM DEBTOR RE NOTES OFFICERS

| 1233830 | PAG | 540.00 | $216.00 | 0.4 |
|---|---|---|---|---|

7/20/2010   REVIEW EXECUTED TOLLING AGREEMENT SECURITIES LITIGATION

| 1234369 | PAG | 540.00 | $54.00 | 0.1 |
|---|---|---|---|---|

7/20/2010   PREPARATION OF CORRESPONDENCE REVIEW DOCUMENTS AND EMAIL TO RINEHART RE LENDER STIPULATION, DOCUMENTS

| 1234466 | PAG | 540.00 | $162.00 | 0.3 |
|---|---|---|---|---|

7/22/2010   REVIEW LETTER FROM STATE OF NEW YORK COMPTROLLER AND CONFER WITH TRUSTEE RE SAME; RETURN RESPONSE

| 1235192 | CTP | 415.00 | $83.00 | 0.2 |
|---|---|---|---|---|

7/23/2010   TELEPHONE CONFERENCE W/ CLIENT TRUSTEE RE SECURITIES LITIGATION, TOLLING, MEDIATION

| 1236148 | PAG | 540.00 | $162.00 | 0.3 |
|---|---|---|---|---|

7/27/2010   PREPARATION OF CORRESPONDENCE EMAIL TO TRUSTEE RE D&0 INSURANCE ISSUES

| 1237089 | PAG | 540.00 | $108.00 | 0.2 |
|---|---|---|---|---|

7/27/2010   ANALYSIS OF CORRESPONDENCE EMAILS FROM TRUSTEE, THOMAS RE D&O CLAIMS, REPLY

| 1237325 | PAG | 540.00 | $54.00 | 0.1 |
|---|---|---|---|---|

7/29/2010   TELEPHONE CONFERENCE WITH A THOMAS RE D&0 ACTIONS INFORMATION

| 1238067 | PAG | 540.00 | $540.00 | 1.0 |
|---|---|---|---|---|

7/29/2010   PREPARATION OF CORRESPONDENCE PULL INFORMATION AND EMAIL TO THOMAS RE D&O ACTIONS

| 1238106 | PAG | 540.00 | $216.00 | 0.4 |
|---|---|---|---|---|

7/29/2010   PREPARATION OF CORRESPONDENCE EMAIL TO TRUSTEE RE D&O CLAIMS

**EXHIBIT 1 PAGE 29**

| 1238141 | PAG | 540.00 | $54.00 | 0.1 |
|---|---|---|---|---|

**T. YOO, TSTEE. for SOLIDUS**

**CASE #    18558**

6/16/2011          Page #        3

**From Date          1/1/2010**
**To Date          6/10/2011**

7/30/2010    PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE LENDER STIPULATION

| | | | | |
|---|---|---|---|---|
| 1238270 | PAG | 540.00 | $54.00 | 0.1 |

7/30/2010    ANALYSIS OF CORRESPONDENCE EMAIL FROM RESENDEX RE THOMAS, DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 1238508 | PAG | 540.00 | $54.00 | 0.1 |

7/30/2010    PREPARATION OF CORRESPONDENCE EMAIL TO RESENDEZ RE DOCUMENT

| | | | | |
|---|---|---|---|---|
| 1238509 | PAG | 540.00 | $54.00 | 0.1 |

7/30/2010    ANALYSIS OF CORRESPONDENCE EMAIL FROM THOMAS RE D&O CLAIMS

| | | | | |
|---|---|---|---|---|
| 1238597 | PAG | 540.00 | $54.00 | 0.1 |

7/30/2010    PREPARATION OF CORRESPONDENCE EMAIL TO THOMAS, TRUSTEE RE D&O CLAIMS

| | | | | |
|---|---|---|---|---|
| 1238598 | PAG | 540.00 | $162.00 | 0.3 |

8/2/2010    CONFERENCE WITH L. RIESS RE NEW CORRESPONDENCE FROM STATE OF NEW YORK

| | | | | |
|---|---|---|---|---|
| 1239319 | CTP | 415.00 | $41.50 | 0.1 |

8/2/2010    ANALYSIS OF CORRESPONDENCE

| | | | | |
|---|---|---|---|---|
| 1239572 | PAG | 540.00 | $54.00 | 0.1 |

8/3/2010    PREPARATION OF CORRESPONDENCE EMAIL TO TRUSTEE RE D&O COSTS ON CLAIMS

| | | | | |
|---|---|---|---|---|
| 1239577 | PAG | 540.00 | $54.00 | 0.1 |

8/13/2010    PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE SECURED CREDITOR ISSUES

| | | | | |
|---|---|---|---|---|
| 1243495 | PAG | 540.00 | $54.00 | 0.1 |

8/13/2010    ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE SECURED CREDITOR POSITION

| | | | | |
|---|---|---|---|---|
| 1243535 | PAG | 540.00 | $54.00 | 0.1 |

8/13/2010    PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE CLARIFICATION SECURED
CREDITOR POSITION

| | | | | |
|---|---|---|---|---|
| 1243540 | PAG | 540.00 | $54.00 | 0.1 |

8/13/2010    ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE SECURED CREDITOR POSITION

**EXHIBIT  1  PAGE  30**

| | | | | |
|---|---|---|---|---|
| 1243541 | PAG | 540.00 | $54.00 | 0.1 |

DETAILED ACTIVITIES

| T. YOO, TSTEE. for SOLIDUS | 6/16/2011 | Page # | 4 |
| CASE #    18558 | From Date | 1/1/2010 |
| | To Date | 6/10/2011 |

8/13/2010   PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE SECURED CREDITORS

| 1243559 | PAG | 540.00 | $54.00 | 0.1 |
8/13/2010   ANALYSIS OF DOCUMENTS REVIEW LENDER INFORMATION, FUNDS ANALYSISI

| 1243560 | PAG | 540.00 | $108.00 | 0.2 |
8/13/2010   PREPARATION OF CORRESPONDENCE EMAIL TO TRUSTEE RE EVISED LENDER PROPOSAL

| 1243561 | PAG | 540.00 | $54.00 | 0.1 |
8/16/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM TRUSTEE, THOMAS RE D&O CLAIMS

| 1244416 | PAG | 540.00 | $54.00 | 0.1 |
8/17/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM GARFIELD RE MEDIATION

| 1244816 | PAG | 540.00 | $54.00 | 0.1 |
8/17/2010   PREPARATION OF CORRESPONDENCE EMAIL TO TRUSTEE RE SECURITIES LITIGATION MEDIATION UPDATE

| 1244817 | PAG | 540.00 | $54.00 | 0.1 |
8/17/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM TRUSTEE RE THOMAS

| 1244849 | PAG | 540.00 | $54.00 | 0.1 |
8/17/2010   PREPARATION OF CORRESPONDENCE EMAIL TO THOMAS RE SECURITIES LITIGATION MEDIATION

| 1244850 | PAG | 540.00 | $54.00 | 0.1 |
8/18/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM GARFIELD RE MEDIATION

| 1245065 | PAG | 540.00 | $54.00 | 0.1 |
8/18/2010   PREPARATION OF CORRESPONDENCE EMAIL TO A THOMAS RE MEDIATION

| 1245128 | PAG | 540.00 | $54.00 | 0.1 |
8/18/2010   TELEPHONE CONF. W/ CO-COUNSEL FROM A THOMAS RE D&O CLAIMS

| 1245449 | PAG | 540.00 | $108.00 | 0.2 |
8/18/2010   TELEPHONE CONF. W/ CO-COUNSEL THOMAS RE DOCUMENTS REQUESTED

**EXHIBIT 1 PAGE 31**

| 1245451 | PAG | 540.00 | $54.00 | 0.1 |

**T. YOO, TSTEE. for SOLIDUS**

**CASE #      18558**

6/16/2011          Page #          **5**

**From Date          1/1/2010**
**To Date          6/10/2011**

| | | | | | |
|---|---|---|---|---|---|
| 8/18/2010 | PREPARATION OF CORRESPONDENCE EMAIL TO GARFIELD RE THOMAS, MEDIATION | | | | |
| 1245452 | PAG | 540.00 | $54.00 | 0.1 |
| 8/30/2010 | ANALYSIS OF CORRESPONDENCE EMAIL FROM THOMAS RE MEDIATION D&O | | | | |
| 1248993 | PAG | 540.00 | $54.00 | 0.1 |
| 8/31/2010 | ANALYSIS OF CORRESPONDENCE EMAIL FROM TRUSTEE AND REVIEW COMMENTS ON THOMAS RETENTION | | | | |
| 1249303 | PAG | 540.00 | $54.00 | 0.1 |
| 9/17/2010 | ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE LENDER SETTLEMENT | | | | |
| 1255833 | PAG | 540.00 | $54.00 | 0.1 |
| 9/20/2010 | ANALYSIS OF DOCUMENTS REVIEW DOCUMENTS AND ANALYSIS RE LENDER PROPOSAL, UPDATE NUMBERS AND DRAFT REVISED PROPOSAL AND RECAP FOR TRUSTEE | | | | |
| 1256681 | PAG | 540.00 | $864.00 | 1.6 |
| 9/20/2010 | PREPARATION OF CORRESPONDENCE EMAIL TO TRUSTEE, REISS RE REVISED LENDER PROPOSAL | | | | |
| 1256682 | PAG | 540.00 | $108.00 | 0.2 |
| 9/27/2010 | ANALYSIS OF CORRESPONDENCE EMAIL FROM REISS RE UPDATED FUNDS RECEIPT, LENDER PROPOSAL | | | | |
| 1258587 | PAG | 540.00 | $108.00 | 0.2 |
| 9/27/2010 | ANALYSIS OF DOCUMENTS REVIEW RECEOPTS UPDATE, DEBTOR ASSETS LIST, NOTE POINTS RE LENDER INTEREST | | | | |
| 1258893 | PAG | 540.00 | $108.00 | 0.2 |
| 9/27/2010 | PREPARATION OF CORRESPONDENCE EMAIL REISS RE ADDITIONAL SOURCE INFORMATION RECEIPTS | | | | |
| 1258908 | PAG | 540.00 | $54.00 | 0.1 |
| 10/4/2010 | REVIEW CORRESPONDENCE FROM STATE OF NEW YORK COMPTROLLER; CONFER WITH TRUSTEE AND L. RIESS RE SAME; RESPOND TO SAME | | | | |
| 1261986 | CTP | 415.00 | $83.00 | 0.2 |
| 10/5/2010 | ANALYSIS OF CORRESPONDENCE EMAIL FROM REISS RE CLAIFICATION OF FUNDS COLLECTED | | | | |
| 1262545 | PAG | 540.00 | $54.00 | 0.1 |
| 10/5/2010 | PREPARATION OF CORRESPONDENCE EMAIL TO REISS, TRUSTEE RE FUNDS COLLECTED, LENDERS | | | | |
| 1262546 | PAG | 540.00 | $54.00 | 0.1 |

**EXHIBIT  1  PAGE  32**

**DETAILED ACTIVITIES**

| | | | | |
|---|---|---|---|---|
| **T. YOO, TSTEE. for SOLIDUS** | | **6/16/2011** | **Page #** | **6** |
| **CASE #    18558** | | **From Date** | | **1/1/2010** |
| | | **To Date** | | **6/10/2011** |

10/6/2010    ANALYSIS OF DOCUMENTS REVIEW ESTATE ACCOUNTS AND NOTE POINTS RE ACCOUNTS, COLLECTIONS, LENDER INTEREST

| 1263089 | PAG | 540.00 | $432.00 | 0.8 |
|---|---|---|---|---|

10/6/2010    REVISION OF REVISE LENDER TURNOVER PROPOSAL, REVIEW SALE DOCUMENTS RE INTEREST, UPDATE FINANCIAL ANALYSIS

| 1263092 | PAG | 540.00 | $648.00 | 1.2 |
|---|---|---|---|---|

10/6/2010    PREPARATION OF CORRESPONDENCE EMAIL TO TRUSTEE RE REVISED TURNOVER PROPOSAL, ACCOUNTS, ESTATE FUNDS

| 1263094 | PAG | 540.00 | $162.00 | 0.3 |
|---|---|---|---|---|

10/7/2010    CONFERENCE WITH CLIENT TRUSTEE, REISS RE LENDER ISSUES ON ACCOUNTS, COLLECTIONS

| 1263385 | PAG | 540.00 | $216.00 | 0.4 |
|---|---|---|---|---|

10/7/2010    ANALYSIS OF DOCUMENTS OF ESTATE ACCOUNTS TO CONFIRM NUMBERS, COLLECTIONS

| 1263613 | PAG | 540.00 | $432.00 | 0.8 |
|---|---|---|---|---|

10/7/2010    REVISION OF REVISE NUMBERS ANALYSIS RE LENDER PROPOSAL

| 1263617 | PAG | 540.00 | $594.00 | 1.1 |
|---|---|---|---|---|

10/7/2010    PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE LENDER PROPOSAL

| 1263618 | PAG | 540.00 | $216.00 | 0.4 |
|---|---|---|---|---|

10/7/2010    PREPARATION OF CORRESPONDENCE EMAIL TO TRUSTEE, REISS RE PROPOSAL BACKUP

| 1263626 | PAG | 540.00 | $108.00 | 0.2 |
|---|---|---|---|---|

10/13/2010    PREPARATION OF CORRESPONDENCE ANALYSIS RE MEDIATION, D &O ISSUES, EMAIL TO THOMAS RE SAME

| 1265405 | PAG | 540.00 | $162.00 | 0.3 |
|---|---|---|---|---|

10/14/2010    ANALYSIS OF CORRESPONDENCE EMAIL FROM, TO THOMAS RE MEDIATION

| 1265500 | PAG | 540.00 | $54.00 | 0.1 |
|---|---|---|---|---|

10/14/2010    ANALYSIS OF CORRESPONDENCE EMAIL FROM THOMAS RE MEDIATION

| 1265611 | PAG | 540.00 | $54.00 | 0.1 |
|---|---|---|---|---|

10/14/2010    ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE LENDER PROPOSAL

**EXHIBIT \ PAGE 33**

| 1265656 | PAG | 540.00 | $54.00 | 0.1 |
|---|---|---|---|---|

## DETAILED ACTIVITIES

| **T. YOO, TSTEE. for SOLIDUS** | | **6/16/2011** | **Page #** | **7** |
|---|---|---|---|---|
| **CASE #    18558** | | **From Date** | | **1/1/2010** |
| | | **To Date** | | **6/10/2011** |

| 10/14/2010 | PREPARATION OF CORRESPONDENCE PREPARE COLLECTIONS SUMMARY FOR LENDERS, REVIEW AND ASSEMBLE DEBTOR FINANCIAL DOCUMENTS FOR BACKUP AND EMAIL TO RINEHART RE REQUESTED INFORMATION AND EXPLANATION LENDER PROPOSAL | | | |
|---|---|---|---|---|
| 1265730 | PAG | 540.00 | $918.00 | 1.7 |
| 10/25/2010 | TELEPHONE CONFERENCE W/ CLIENT CALL FROM TRUSTEE RE LENDER SETTLEMENT | | | |
| 1269032 | PAG | 540.00 | $54.00 | 0.1 |
| 10/26/2010 | CONFERENCE WITH L. RIESS RE NORTH CAROLINA CHECK | | | |
| 1269634 | CTP | 415.00 | $41.50 | 0.1 |
| 10/26/2010 | PREPARATION OF CORRESPONDENCE TO A. OTT RE COLORADO REQUEST AND REVIEW RESPONSES TO SAME | | | |
| 1269724 | CTP | 415.00 | $83.00 | 0.2 |
| 10/26/2010 | TELEPHONE CONF. W/ OPP COUNSEL CALL TO RINEHART RE LENDER SETTLEMENT | | | |
| 1270003 | PAG | 540.00 | $54.00 | 0.1 |
| 10/26/2010 | TELEPHONE CONF. W/ OPP COUNSEL KAREN RINEHART RE LENDER FUNDS TURNOVER AND SETTLEMENT | | | |
| 1270023 | PAG | 540.00 | $162.00 | 0.3 |
| 10/27/2010 | PREPARATION OF DOCUMENTS DRAFT STIPULATION AND AGREMENT RE TURNOVER LENDERS | | | |
| 1270463 | PAG | 540.00 | $810.00 | 1.5 |
| 10/28/2010 | PREPARATION OF (PRELIMINARY) LENDER STIPULATION RE: YOU TECHNOLOGY. | | | |
| 1270528 | JAB | 195.00 | $97.50 | 0.5 |
| 10/28/2010 | ANALYSIS OF REVISE AND CHECK NUMBERS, REVISE STIPULAITON LENDERS | | | |
| 1271064 | PAG | 540.00 | $378.00 | 0.7 |
| 10/28/2010 | PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART, TRUSTEE RE LENDER STIPULATION, NUMBERS, ISSUES | | | |
| 1271065 | PAG | 540.00 | $162.00 | 0.3 |
| 11/2/2010 | ANALYSIS OF CORRESPONDENCE EMAIL FROM REISS, REPLY RE ACCOUNTS RECEIVABLE | | | |
| 1273487 | PAG | 540.00 | $54.00 | 0.1 |
| 11/10/2010 | CONFERENCE WITH L. RIESS RE CHECK FROM NY | | | |
| 1275638 | CTP | 415.00 | $41.50 | 0.1 |

**EXHIBIT** ⌐ **PAGE** 34

**T. YOO, TSTEE. for SOLIDUS**                    6/16/2011        Page #        **8**

**CASE #        18558**                                    **From Date        1/1/2010**
                                                          **To Date        6/10/2011**

11/17/2010    REVIEW AND FINALIZE COLORADO LETTER

| 1277528 | CTP | 415.00 | $41.50 | 0.1 |

11/29/2010    CONFERENCE WITH L. RIESS RE CHECKS FROM NYC

| 1281369 | CTP | 415.00 | $83.00 | 0.2 |

11/30/2010    PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE LENDER STIPULATION

| 1282344 | PAG | 540.00 | $54.00 | 0.1 |

12/3/2010    ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE LENDER STIPULATION

| 1284472 | PAG | 540.00 | $108.00 | 0.2 |

12/3/2010    PREPARATION OF CORRESPONDENCE EMAIL TO TRUSTEE RE LENDER STIPULATION

| 1284473 | PAG | 540.00 | $54.00 | 0.1 |

12/3/2010    ANALYSIS OF DOCUMENTS RINEHART COMMENTS ON STIPULATION

| 1284709 | PAG | 540.00 | $216.00 | 0.4 |

12/3/2010    PREPARATION OF CORRESPONDENCE EMAIL TO TRUSTEE RE STIPULATION

| 1284712 | PAG | 540.00 | $54.00 | 0.1 |

12/7/2010    ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE STIPULATION, REPLY

| 1285714 | PAG | 540.00 | $54.00 | 0.1 |

12/8/2010    ANALYSIS OF DOCUMENTS NOTE POINTS RE LENDER STIPULATION

| 1286097 | PAG | 540.00 | $108.00 | 0.2 |

12/8/2010    TELEPHONE CONF. W/ OPP COUNSEL RINEHART RE LENDER STIPULATION, NEEDS

| 1286098 | PAG | 540.00 | $162.00 | 0.3 |

12/8/2010    ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE LENDER DOCUMENTS, ORDER

| 1286099 | PAG | 540.00 | $108.00 | 0.2 |

12/8/2010    ANALYSIS OF PLEADINGS REVIEW DOCUMENTS AND REVISE DRAFT STIPULATION FROM
              RINEHART

EXHIBIT 1 PAGE 35

| 1286126 | PAG | 540.00 | $324.00 | 0.6 |

DETAILED ACTIVITIES

| T. YOO, TSTEE. for SOLIDUS | 6/16/2011 | Page # | 9 |

CASE #   18558

From Date   1/1/2010
To Date   6/10/2011

12/8/2010   PREPARATION OF CORRESPONDENCE EMAIL TO TRUSTEE RE REVISIONS TO STIPULATION

| 1286127 | PAG | 540.00 | $54.00 | 0.1 |

12/9/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM TRUSTEE RE LENDER STIPULATION, REPLY

| 1286253 | PAG | 540.00 | $54.00 | 0.1 |

12/11/2010   PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE LENDER STIPULATION

| 1287002 | PAG | 540.00 | $162.00 | 0.3 |

1/24/2011   TELEPHONE CONF. W/ OPP COUNSEL CALL FROM RINEHART RE LENDER STIPULATION

| 1299445 | PAG | 550.00 | $55.00 | 0.1 |

1/24/2011   ANALYSIS OF DOCUMENTS DIP LOAN DOCUMENTS AND ORDERS FROM RINEHART RE LENDERS

| 1299469 | PAG | 550.00 | $220.00 | 0.4 |

1/24/2011   PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE STIPULATION, LENDERS

| 1299470 | PAG | 550.00 | $55.00 | 0.1 |

1/25/2011   ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE LENDER STIPULATION, REVIEW AND CHECK

| 1299610 | PAG | 550.00 | $110.00 | 0.2 |

1/25/2011   PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE STIPULATION

| 1299633 | PAG | 550.00 | $55.00 | 0.1 |

1/25/2011   ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE STIPULATION

| 1299634 | PAG | 550.00 | $55.00 | 0.1 |

1/26/2011   ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE STIPULATION, REPLY

| 1300144 | PAG | 550.00 | $55.00 | 0.1 |

1/26/2011   TELEPHONE CONFERENCE WITH CALL FROM GARFIELD RE WAIVER, CALL TO GARFIELD

| 1300154 | PAG | 550.00 | $55.00 | 0.1 |

1/26/2011   ANALYSIS OF REVISED STIPULATION FROM RINEHART

| 1300256 | PAG | 550.00 | $220.00 | 0.4 |

EXHIBIT  1  PAGE  36

**T. YOO, TSTEE. for SOLIDUS**

**CASE #    18558**

6/16/2011          Page #          10

**From Date          1/1/2010**
**To Date          6/10/2011**

| 1/26/2011 | PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE LENDER STIPULATION |
| | |

|  | 1300262 | PAG | | 550.00 | | $110.00 | | 0.2 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1/26/2011 | ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE STIPULATION, REPLY | | | | | | | |
|  | 1300272 | PAG | | 550.00 | | $55.00 | | 0.1 |
| 1/27/2011 | TELEPHONE CONF. W/ OPP COUNSEL RINEHART RE LENDER STIPULATION | | | | | | | |
|  | 1300665 | PAG | | 550.00 | | $220.00 | | 0.4 |
| 1/27/2011 | PREPARATION OF CORRESPONDENCE REVIEW ACCOUNT REPORTS AND EMAIL TO REISS RE UPDATED REPORTS NEEDED FOR LENDER SETTLEMENT | | | | | | | |
|  | 1300668 | PAG | | 550.00 | | $110.00 | | 0.2 |
| 1/28/2011 | ANALYSIS OF CORRESPONDENCE EMAIL FROM REISS RE ACCOUNT STATEMENTS | | | | | | | |
|  | 1300948 | PAG | | 550.00 | | $110.00 | | 0.2 |
| 1/31/2011 | TELEPHONE CONF. W/ OPP COUNSEL RINEHART RE LENDER AGREEMENT | | | | | | | |
|  | 1301691 | PAG | | 550.00 | | $55.00 | | 0.1 |
| 1/31/2011 | ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE REVISED LENDER STIPULATION | | | | | | | |
|  | 1301933 | PAG | | 550.00 | | $55.00 | | 0.1 |
| 2/7/2011 | ANALYSIS OF DOCUMENTS REVIEW FINANCIAL RECORDS AND ANALYSIS RE NUMBERS FOR LENDER STIPULATION, FUNDS OF ESTATE, COLLECTIONS, CONFIRM | | | | | | | |
|  | 1305483 | PAG | | 550.00 | | $1,155.00 | | 2.1 |
| 2/7/2011 | ANALYSIS OF PLEADINGS REVIEW PLEADINGS RE FINANCING, LENDER INTERESTS AND DISPOSITION, CHART FOR EXECUTION NEEDS FOR LENDER STIPULATION | | | | | | | |
|  | 1305487 | PAG | | 550.00 | | $660.00 | | 1.2 |
| 2/7/2011 | PREPARATION OF PLEADING REVIEW AND REVISE LENDER STIPULATION , REDLINE RINEHART CHANGES | | | | | | | |
|  | 1305488 | PAG | | 550.00 | | $605.00 | | 1.1 |
| 2/7/2011 | PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART, TRUSTEE RE LENDER STIPULATION, NUMBERS AND EXECUTION NEEDS | | | | | | | |
|  | 1305490 | PAG | | 550.00 | | $110.00 | | 0.2 |
| 2/7/2011 | TELEPHONE CONF. W/ OPP COUNSEL CALL FROM TO RINEHART RE LENDER STIPULATION | | | | | | | |
|  | 1305492 | PAG | | 550.00 | | $55.00 | | 0.1 |

# DETAILED ACTIVITIES

**T. YOO, TSTEE. for SOLIDUS**

**CASE #    18558**

6/16/2011          Page #          **11**

**From Date          1/1/2010**
**To Date          6/10/2011**

| | | | | | |
|---|---|---|---|---|---|
| 2/7/2011 | TELEPHONE CONF. W/ OPP COUNSEL CALL FROM RINEHART RE WALK THROUGH NUMBERS | | | | |
| | 1305516 | PAG | 550.00 | $165.00 | 0.3 |
| 2/8/2011 | ANALYSIS OF CORRESPONDENCE EMAIL FROM TO CALL FROM TO RINEHART RE CONFERENCE RE STIPULATION | | | | |
| | 1305909 | PAG | 550.00 | $55.00 | 0.1 |
| 2/8/2011 | TELEPHONE CONF. W/ OPP COUNSEL CALL FROM RINEHART RE LENDER STIPULATION, NUMBERS, LENDER QUESTIONS | | | | |
| | 1305934 | PAG | 550.00 | $165.00 | 0.3 |
| 2/8/2011 | ANALYSIS OF PLEADINGS REVIEW ORDER, SALE AGREEMENT RE LITIGATION PROCEEDS, LENDER ISSUES | | | | |
| | 1305935 | PAG | 550.00 | $165.00 | 0.3 |
| 2/8/2011 | CONFERENCE CALL WITH RINEHART COOPERSMITH, GRAY RE LENDER STIPULATION, NUMBERS | | | | |
| | 1305936 | PAG | 550.00 | $275.00 | 0.5 |
| 2/8/2011 | TELEPHONE CONF. W/ OPP COUNSEL CALL FROM RINEHART RE LENDER STIPULATION | | | | |
| | 1305937 | PAG | 550.00 | $55.00 | 0.1 |
| 2/8/2011 | PREPARATION OF PLEADING BEGIN DRAFT MOTION RE LENDER SETTLEMENT | | | | |
| | 1305992 | PAG | 550.00 | $385.00 | 0.7 |
| 2/9/2011 | PREPARATION OF PLEADING WORK ON DRAFT DECLARATION TRUSTEE RE LENDER SETTLEMENT | | | | |
| | 1306375 | PAG | 550.00 | $1,595.00 | 2.9 |
| 2/10/2011 | PREPARATION OF PLEADING REVISE, UPDATE EXHIBITS, ANALYSES FOR USE AS EXHIBITS TO MOTION LENDER SETTLEMENT | | | | |
| | 1306789 | PAG | 550.00 | $605.00 | 1.1 |
| 2/10/2011 | PREPARATION OF PLEADING COMPLETE DRAFT OF LENDER SETTLEMENT MOTION, DECLARATION, EXHIBITS | | | | |
| | 1306825 | PAG | 550.00 | $2,640.00 | 4.8 |
| 2/10/2011 | PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE MOTION LENDER SETTLEMENT | | | | |
| | 1306826 | PAG | 550.00 | $55.00 | 0.1 |
| 2/11/2011 | ANALYSIS OF REVIEW AND EMAIL TO GROSS, TAN RE PREFERENCE ACTIONS, NOTICE | | | | |
| | 1306893 | PAG | 550.00 | $55.00 | 0.1 |

**EXHIBIT 1 PAGE 38**

# DETAILED ACTIVITIES

| | | | | |
|---|---|---|---|---|
| **T. YOO, TSTEE. for SOLIDUS** | | **6/16/2011** | **Page #** | **12** |
| **CASE #    18558** | | **From Date** | | **1/1/2010** |
| | | **To Date** | | **6/10/2011** |

2/11/2011   ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE MOTION LENDER STIPULATION

| | | | | |
|---|---|---|---|---|
| 1307125 | PAG | 550.00 | $55.00 | 0.1 |

2/23/2011   PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE STIPULATION SIGNATURES

| | | | | |
|---|---|---|---|---|
| 1310813 | PAG | 550.00 | $55.00 | 0.1 |

3/1/2011   TELEPHONE CONF. W/ OPP COUNSEL CALL FROM RINEHART RE STIPULATION LENDERS, MOTION

| | | | | |
|---|---|---|---|---|
| 1313530 | PAG | 550.00 | $55.00 | 0.1 |

3/17/2011   PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE LENDER STIPULATION

| | | | | |
|---|---|---|---|---|
| 1319262 | PAG | 550.00 | $55.00 | 0.1 |

3/22/2011   ANALYSIS OF CORRESPONDENCE EMAIL FROM TRUSTEE RE THOMAS

| | | | | |
|---|---|---|---|---|
| 1321089 | PAG | 550.00 | $55.00 | 0.1 |

3/25/2011   ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE COMMENTS ON MOTION LENDER
STIPULATION

| | | | | |
|---|---|---|---|---|
| 1322399 | PAG | 550.00 | $55.00 | 0.1 |

3/25/2011   PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE LENDER STIPULATION

| | | | | |
|---|---|---|---|---|
| 1322400 | PAG | 550.00 | $55.00 | 0.1 |

3/25/2011   ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE STIPULATION SIGNATURE STATUS

| | | | | |
|---|---|---|---|---|
| 1322401 | PAG | 550.00 | $55.00 | 0.1 |

3/25/2011   PREPARATION OF PLEADING REVIEW RINEHART COMMENTS ON MOTION , DECLARATION,
REVIEW AGAINST STIPULATION, REVISE REDLINE  ADDITIONAL CHANGES

| | | | | |
|---|---|---|---|---|
| 1322402 | PAG | 550.00 | $440.00 | 0.8 |

3/25/2011   PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE REVISIONS TO MOTION,
DECLARATION

| | | | | |
|---|---|---|---|---|
| 1322403 | PAG | 550.00 | $55.00 | 0.1 |

3/29/2011   TELEPHONE CONFERENCE W/ CLIENT CALL FROM TRUSTEE RE LENDER SETTLEMENT,
SECURITIES LITIGATION

| | | | | |
|---|---|---|---|---|
| 1323671 | PAG | 550.00 | $55.00 | 0.1 |

3/29/2011   PREPARATION OF PLEADING REVIEW, CLEAN UP NOTICE, ORDER, MOTION LENDER SETTLEMENT

**EXHIBIT 1 PAGE 39**

| | | | | |
|---|---|---|---|---|
| 1323910 | PAG | 550.00 | $165.00 | 0.3 |

| **T. YOO, TSTEE. for SOLIDUS** | | **6/16/2011** | Page # | **13** |
|---|---|---|---|---|
| **CASE #    18558** | | **From Date** | | **1/1/2010** |
| | | **To Date** | | **6/10/2011** |

3/29/2011    PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE LENDER SETTLEMENT PLEADINGS

| 1323919 | PAG | 550.00 | $55.00 | 0.1 |
|---|---|---|---|---|

3/29/2011    ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE STIPULATION EXECUTED LENDERS

| 1323944 | PAG | 550.00 | $55.00 | 0.1 |
|---|---|---|---|---|

03/30/2011    PREPARATION OF (ONGOING) SETTLEMENT MOTION RE: LENDER STIPULATION.

| 1324138 | JAB | 195.00 | $117.00 | 0.6 |
|---|---|---|---|---|

3/30/2011    PREPARATION OF CORRESPONDENCE EMAIL TO TRUSTEE RE LENDER STIPULATION, DECLARATION

| 1324194 | PAG | 550.00 | $110.00 | 0.2 |
|---|---|---|---|---|

3/30/2011    PREPARATION OF PLEADING REVIEW AND CHECK EXHIBITS TO LENDER SETTLEMENT MOTION, REVIEW PLEADINGS TO FINALIZE NOTICE LIST

| 1324369 | PAG | 550.00 | $495.00 | 0.9 |
|---|---|---|---|---|

3/30/2011    ANALYSIS OF DOCUMENTS REVIEW DOCUMENTS AND NOTE POINTS RE SECURITIES LITIGATION

| 1324371 | PAG | 550.00 | $440.00 | 0.8 |
|---|---|---|---|---|

3/30/2011    ANALYSIS OF CORRESPONDENCE EMAIL FROM TRUSTEE RE LENDER STIPULATION, DECLARATION FOR FILING

| 1324468 | PAG | 550.00 | $110.00 | 0.2 |
|---|---|---|---|---|

3/30/2011    PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE EXECUTED STIPULATION

| 1324470 | PAG | 550.00 | $55.00 | 0.1 |
|---|---|---|---|---|

3/31/2011    PREPARATION OF (FINAL) MOTION FOR APPROVAL OF STIPULATION RE: TURNOVER OF FUNDS TO SECURED CREDITORS, ENTITLEMENT TO FUNDS, ETC.; NOTICE THEREON; PURIFY LIMITED NOTICE LIST; EFILE.

| 1324632 | JAB | 195.00 | $351.00 | 1.8 |
|---|---|---|---|---|

3/31/2011    ANALYSIS OF CORRESPONDENCE EMAIL FROM, CALL FROM RINEHART RE LENDER SETTLEMENT MOTION

| 1324563 | PAG | 550.00 | $55.00 | 0.1 |
|---|---|---|---|---|

4/15/2011    TELEPHONE CONF. W/ OPP COUNSEL CALL FROM RINEHART RE LENDER SETTLEMENT

| 1330939 | PAG | 550.00 | $55.00 | 0.1 |
|---|---|---|---|---|

4/15/2011    PREPARATION OF PLEADING REVIEW MOTION, UPDATE ORDER FOR DECLARATION LENDER SETTLEMENT

**EXHIBIT  1  PAGE  40**

| 1330940 | PAG | 550.00 | $110.00 | 0.2 |
|---|---|---|---|---|

## DETAILED ACTIVITIES

**T. YOO, TSTEE. for SOLIDUS**  6/16/2011  Page #  14

**CASE #  18558**

From Date  1/1/2010
To Date  6/10/2011

| | | | | |
|---|---|---|---|---|
| 4/15/2011 | PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE ORDER, PROCESS | | | |
| 1330941 | PAG | 550.00 | $55.00 | 0.1 |
| 4/15/2011 | ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE TIMING, ORDER.  PAYMENT | | | |
| 1330945 | PAG | 550.00 | $55.00 | 0.1 |
| 4/18/2011 | ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE WIRE INSTRUCTIONS | | | |
| 1331520 | PAG | 550.00 | $55.00 | 0.1 |
| 4/19/2011 | PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE FILED DECLARATION, ORDER | | | |
| 1331690 | PAG | 550.00 | $55.00 | 0.1 |
| 4/20/2011 | ANALYSIS OF DOCUMENTS REVIEW AND NOTE POINTS RE COSTELLO NOTE ISSUES | | | |
| 1332371 | PAG | 550.00 | $385.00 | 0.7 |
| 4/25/2011 | PREPARATION OF CORRESPONDENCE LETTER TO RUBIN RE COSTELLO NOTE | | | |
| 1333890 | PAG | 550.00 | $165.00 | 0.3 |
| 4/30/2011 | ANALYSIS OF PLEADINGS ORDER ENTERED LENDER STIPULATION | | | |
| 1336113 | PAG | 550.00 | $55.00 | 0.1 |
| 5/2/2011 | ANALYSIS OF CORRESPONDENCE EMAIL FROM TRUSTEE, RE PLY RE LENDER STIPULATION ORDER, TIMING | | | |
| 1336837 | PAG | 550.00 | $55.00 | 0.1 |
| 5/2/2011 | TELEPHONE CONF. W/ OPP COUNSEL CALL FROM RINEHART RE ORDER , PAYMENT ON LENDER STIPULATION | | | |
| 1336920 | PAG | 550.00 | $55.00 | 0.1 |
| 5/2/2011 | PREPARATION OF CORRESPONDENCE EMAIL TO REISS, TRUSTEE RE LENDER PAYMENT TIMING, INSTRUCTIONS | | | |
| 1336929 | PAG | 550.00 | $55.00 | 0.1 |
| 5/2/2011 | ANALYSIS OF CORRESPONDENCE EMAIL FROM TRUSTEE RE SECURITIES LITIGATION, TOLLING | | | |
| 1336933 | PAG | 550.00 | $55.00 | 0.1 |
| 5/9/2011 | ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE LENDER PAYMENT, EMAIL TO REISS RE SAME | | | |
| 1340075 | PAG | 550.00 | $55.00 | 0.1 |

**EXHIBIT 1 PAGE 41**

## DETAILED ACTIVITIES

| T. YOO, TSTEE. for SOLIDUS | 6/16/2011 | Page # | 15 |
|---|---|---|---|

**CASE #    18558**

| | From Date | 1/1/2010 |
|---|---|---|
| | To Date | 6/10/2011 |

5/9/2011    ANALYSIS OF CORRESPONDENCE LETTER FROM RUBIN RE COSTELLO NOTE

| 1340217 | PAG | 550.00 | $55.00 | 0.1 |
|---|---|---|---|---|

5/11/2011    ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE LENDER PAYMENT

| 1341099 | PAG | 550.00 | $55.00 | 0.1 |
|---|---|---|---|---|

5/11/2011    PREPARATION OF CORRESPONDENCE EMAIL TO REISS RE LENDER PAYMENT, CONSOLIDATION
OF ACCOUNTS

| 1341102 | PAG | 550.00 | $55.00 | 0.1 |
|---|---|---|---|---|

5/11/2011    ANALYSIS OF CORRESPONDENCE EMAIL FROM REISS RE LENDER DISBURSEMENT, ACCOUNTS

| 1341121 | PAG | 550.00 | $55.00 | 0.1 |
|---|---|---|---|---|

5/11/2011    PREPARATION OF CORRESPONDENCE EMAIL TO REISS RE ACCOUNTS, BACKUP, TIMING AND
EXPLANATION LENDER DISBURSEMENT

| 1341122 | PAG | 550.00 | $165.00 | 0.3 |
|---|---|---|---|---|

5/12/2011    ANALYSIS OF CORRESPONDENCE EMAIL FROM REISS RE LENDER PAYMENT

| 1342238 | PAG | 550.00 | $55.00 | 0.1 |
|---|---|---|---|---|

5/12/2011    PREPARATION OF CORRESPONDENCE EMAIL TO RINEHART RE LENDER PAYMENT

| 1342242 | PAG | 550.00 | $55.00 | 0.1 |
|---|---|---|---|---|

5/12/2011    ANALYSIS OF CORRESPONDENCE EMAIL FROM RINEHART RE LENDER SETTLEMENT

| 1342248 | PAG | 550.00 | $55.00 | 0.1 |
|---|---|---|---|---|

5/16/2011    ANALYSIS OF CORRESPONDENCE EMAIL FROM JOFFE RE ROGERS

| 1342810 | PAG | 550.00 | $55.00 | 0.1 |
|---|---|---|---|---|

5/17/2011    TELEPHONE CONF. W/ OPP COUNSEL CALL FROM RINEHART RE LENDER PAYMENT

| 1343158 | PAG | 550.00 | $55.00 | 0.1 |
|---|---|---|---|---|

5/17/2011    ANALYSIS OF CORRESPONDENCE EMAIL FROM RIESS, REVIEW WIRE INFO, REPLY TO REISS

| 1343160 | PAG | 550.00 | $55.00 | 0.1 |
|---|---|---|---|---|

| | **Total** | **$31,628.50** | **60.2** |
|---|---|---|---|

**EXHIBIT 1 PAGE 42**

**T. YOO, TSTEE. for SOLIDUS**

**CASE #    18558**

6/16/2011        Page #      **16**

**From Date        1/1/2010**
**To Date        6/10/2011**

## 04 - CASE ADMINISTRATION

1/7/2010    PREPARATION OF PLEADING REVIEW AND REVISE APPLICATION, NOTICE RE EMPLOYMENT

| | | | | |
|---|---|---|---|---|
| 1166780 | PAG | 540.00 | $540.00 | 1.0 |

1/12/2010    ANALYSIS OF PLEADINGS NOTICE CHANGE ADDRESS RECEIVED FROM DECHKOV

| | | | | |
|---|---|---|---|---|
| 1168010 | PAG | 540.00 | $54.00 | 0.1 |

1/15/2010    ANALYSIS OF CORRESPONDENCE FROM GRUZCA RE 401K, REVIEW FOR INFORMATION

| | | | | |
|---|---|---|---|---|
| 1169405 | PAG | 540.00 | $54.00 | 0.1 |

1/15/2010    PREPARATION OF CORRESPONDENCE TO TRUSTEE RE 401K

| | | | | |
|---|---|---|---|---|
| 1169406 | PAG | 540.00 | $54.00 | 0.1 |

1/19/2010    ANALYSIS OF REVIEW, UPDATE SERVICE

| | | | | |
|---|---|---|---|---|
| 1170295 | PAG | 540.00 | $162.00 | 0.3 |

1/22/2010    ANALYSIS OF CORRESPONDENCE EMAIL FROM CHOI RE GREAT PLAINS; REPLY

| | | | | |
|---|---|---|---|---|
| 1171473 | PAG | 540.00 | $54.00 | 0.1 |

1/22/2010    PREPARATION OF CORRESPONDENCE EMAIL TO REISS, TRUSTEE RE GREAT PLAINS FEE PAYMENT

| | | | | |
|---|---|---|---|---|
| 1171537 | PAG | 540.00 | $108.00 | 0.2 |

1/22/2010    ANALYSIS OF 401K TERMINATION DOCUMENTS FROM GREAT -WEST AND PLEADINGS IN CASE RE 401K, NOTE POINTS FOR COMPLETION

| | | | | |
|---|---|---|---|---|
| 1171570 | PAG | 540.00 | $216.00 | 0.4 |

1/22/2010    PREPARATION OF CORRESPONDENCE TO TRUSTEE RE 401K PLEADINGS AND REQUIREMENTS TO COMPLETE

| | | | | |
|---|---|---|---|---|
| 1171571 | PAG | 540.00 | $162.00 | 0.3 |

1/26/2010    ANALYSIS OF CORRESPONDENCE EMAILS FROM COLLINS, YEAGER RE PAY BY TOUCH SOCIAL SECURITY

| | | | | |
|---|---|---|---|---|
| 1172499 | PAG | 540.00 | $108.00 | 0.2 |

1/26/2010    PREPARATION OF BRIEF EMAIL TO COLLINS RE CLARIFICATION

| | | | | |
|---|---|---|---|---|
| 1172504 | PAG | 540.00 | $108.00 | 0.2 |

**EXHIBIT 1 PAGE 43**

**T. YOO, TSTEE. for SOLIDUS**

**CASE #     18558**

6/16/2011          Page #        17

**From Date          1/1/2010**
**To Date          6/10/2011**

1/26/2010     TELEPHONE CONFERENCE W/ CLIENT TRUSTEE RE PAYROLL ISSUE, 401K ISSUE

| | | | | |
|---|---|---|---|---|
| 1172691 | PAG | 540.00 | $54.00 | 0.1 |

1/27/2010     TELEPHONE CONFERENCE WITH CALL FROM REISS, FORWARDED ABI DOCUMENTS RACHEL RE EMPLOYEE RECORDS SUBPOENA

| | | | | |
|---|---|---|---|---|
| 1172915 | PAG | 540.00 | $54.00 | 0.1 |

1/27/2010     PREPARATION OF CORRESPONDENCE EMAIL TO SESSIONS AT ADP RE SOCIAL SECURITY POSTING QUESTION

| | | | | |
|---|---|---|---|---|
| 1173022 | PAG | 540.00 | $108.00 | 0.2 |

1/29/2010     TELEPHONE CONF. W/ CREDITORS LISA BRYANT RE NOTICE AND CASE

| | | | | |
|---|---|---|---|---|
| 1173937 | PAG | 540.00 | $54.00 | 0.1 |

2/2/2010     TELEPHONE CONFERENCE WITH S. SIMPSON RE STIPULATION WITH AG

| | | | | |
|---|---|---|---|---|
| 1175049 | CTP | 415.00 | $83.00 | 0.2 |

2/2/2010     ANALYSIS OF CORRESPONDENCE EMAIL FROM SAWYER RE QUATSE RECORDS SUBPOENA

| | | | | |
|---|---|---|---|---|
| 1175669 | PAG | 540.00 | $54.00 | 0.1 |

2/2/2010     PREPARATION OF CORRESPONDENCE EAMIL TO SAWYER RE RECORDS

| | | | | |
|---|---|---|---|---|
| 1175678 | PAG | 540.00 | $108.00 | 0.2 |

2/3/2010     REVIEW NOTICE OF TRANSFER OF CLAIM

| | | | | |
|---|---|---|---|---|
| 1176010 | CTP | 415.00 | $41.50 | 0.1 |

2/3/2010     PREPARATION OF CORRESPONDENCE SUZANNE COLLINS RE ADP, SS ISSUES

| | | | | |
|---|---|---|---|---|
| 1176132 | PAG | 540.00 | $54.00 | 0.1 |

2/3/2010     PREPARATION OF CORRESPONDENCE EMAIL TO SESSIONS RE SS ISSUE

| | | | | |
|---|---|---|---|---|
| 1176133 | PAG | 540.00 | $54.00 | 0.1 |

2/4/2010     ANALYSIS OF CORRESPONDENCE EMAIL FROM SESSIONS RE ADP SOCIAL SECURITY REPORTS

| | | | | |
|---|---|---|---|---|
| 1176343 | PAG | 540.00 | $54.00 | 0.1 |

2/4/2010     PREPARATION OF CORRESPONDENCE EMAIL TO TRUSTEE RE ADP, SOCIAL SECURITY QUESTION

EXHIBIT 1 PAGE 44

| | | | | |
|---|---|---|---|---|
| 1176353 | PAG | 540.00 | $54.00 | 0.1 |

**T. YOO, TSTEE. for SOLIDUS**

**CASE #    18558**

6/16/2011        Page #      **18**

**From Date      1/1/2010**
**To Date       6/10/2011**

2/9/2010   ANALYSIS OF CORRESPONDENCE EMAILS FROM SCHIFF, TRUSTEE RE JEFFRIES CLAIM, STATUS

| 1177800 | PAG | 540.00 | $54.00 | 0.1 |

2/10/2010   PREPARATION OF CORRESPONDENCE EMAIL TO CHOI RE EMPLOYEE RECORDS REQUEST

| 1178087 | PAG | 540.00 | $54.00 | 0.1 |

2/10/2010   PREPARATION OF CORRESPONDENCE EMAIL TO TRUSTEE RE SS ISSUE

| 1178088 | PAG | 540.00 | $54.00 | 0.1 |

2/10/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM CHOI RE EMPLOYEE RE CORDS, REPLY

| 1178105 | PAG | 540.00 | $54.00 | 0.1 |

2/10/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM CHOI RE EMPLOYEE RECORDS

| 1178137 | PAG | 540.00 | $54.00 | 0.1 |

2/10/2010   REVIEW REVIEW TRUSTEE RESPONSIBILITY SS TAX ISSUE

| 1178141 | PAG | 540.00 | $54.00 | 0.1 |

2/10/2010   PREPARATION OF CORRESPONDENCE EMAIL TO BREHMER RE SS ISSUE

| 1178172 | PAG | 540.00 | $108.00 | 0.2 |

2/10/2010   PREPARATION OF CORRESPONDENCE EMAIL TO SAWYER RE EMPLOYEE INFORMATION
SUBPOENA

| 1178212 | PAG | 540.00 | $54.00 | 0.1 |

2/11/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM SAWYER RE SUBPOENA, NOTICE SATISFIED

| 1178386 | PAG | 540.00 | $54.00 | 0.1 |

2/11/2010   PREPARATION OF CORRESPONDENCE REVIEW NOTICE, SUBPOENA, EMAIL TO ANDERSON RE
CONFIRMATION

| 1178401 | PAG | 540.00 | $108.00 | 0.2 |

2/12/2010   PREPARATION OF CORRESPONDENCE EMAIL TO CHOI RE QUATSE SUBPOENA COMPLIANCE
CONTACT

| 1178931 | PAG | 540.00 | $54.00 | 0.1 |

2/16/2010   PREPARATION OF CORRESPONDENCE EMAIL TO SAWYER, CHOI RE QUATSE SUBPOENA, COPY OF
RECORDS

**EXHIBIT 1  PAGE 45**

| 1180028 | PAG | 540.00 | $54.00 | 0.1 |

## DETAILED ACTIVITIES

| | | | | |
|---|---|---|---|---|
| **T. YOO, TSTEE. for SOLIDUS** | | **6/16/2011** | **Page #** | **19** |
| **CASE #   18558** | | **From Date** | | **1/1/2010** |
| | | **To Date** | | **6/10/2011** |

2/17/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM SAWYER RE SUBPOENA COMPLIANCE

| 1180092 | PAG | 540.00 | $54.00 | 0.1 |
|---|---|---|---|---|

2/18/2010   PREPARATION OF CORRESPONDENCE EMAIL TO BREHMER RE SOCIAL SECURITY ISSUES

| 1180725 | PAG | 540.00 | $108.00 | 0.2 |
|---|---|---|---|---|

2/18/2010   PREPARATION OF CORRESPONDENCE EMAIL TO COLLINS RE ADP, SOCIAL SECURITY

| 1180727 | PAG | 540.00 | $54.00 | 0.1 |
|---|---|---|---|---|

2/18/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM COLLINS RE SOCIAL SECURITY

| 1180738 | PAG | 540.00 | $54.00 | 0.1 |
|---|---|---|---|---|

2/18/2010   TELEPHONE CONFERENCE WITH BREHMER RE TAX ISSUE SUB

| 1180779 | PAG | 540.00 | $54.00 | 0.1 |
|---|---|---|---|---|

2/18/2010   ANALYSIS OF CORRESPONDENCE EMAIL FORM BREHMER, EMAIL FORM OTT RE SS ISSUE, ADP

| 1180782 | PAG | 540.00 | $54.00 | 0.1 |
|---|---|---|---|---|

2/18/2010   TELEPHONE CONFERENCE WITH BREHMER RE S & H TAX DEMANDS, SOCIAL SECUTIRY ISSUES, HOW TO RESOLVE

| 1180812 | PAG | 540.00 | $324.00 | 0.6 |
|---|---|---|---|---|

2/18/2010   ANALYSIS OF CORRESPONDENCE FROM BREHMER, S&H RE TAX AND RETURNS ISSUE

| 1180871 | PAG | 540.00 | $54.00 | 0.1 |
|---|---|---|---|---|

2/18/2010   REVIEW INFORMATION RE ADP CONTACTS AND DEBTOR ACCOUNTS, DEPOSITS AND TURNOVER

| 1180958 | PAG | 540.00 | $108.00 | 0.2 |
|---|---|---|---|---|

2/18/2010   PREPARATION OF CORRESPONDENCE EMAIL TO BREHMER, OTT RE ADP INFORMATION SOCIAL SECURITY ISSUE

| 1180960 | PAG | 540.00 | $108.00 | 0.2 |
|---|---|---|---|---|

3/1/2010   REVIEW CORRESPONDENCE FROM S. SIMPSON RE STIPULATION

| 1184365 | CTP | 415.00 | $41.50 | 0.1 |
|---|---|---|---|---|

3/8/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM OTT RE KENTUCKY TAX

| 1187596 | PAG | 540.00 | $54.00 | 0.1 |
|---|---|---|---|---|

**EXHIBIT  1  PAGE 46**

DETAILED ACTIVITIES

**T. YOO, TSTEE. for SOLIDUS**

**CASE #    18558**

6/16/2011          Page #        **20**

**From Date          1/1/2010**
**To Date          6/10/2011**

| | | | | |
|---|---|---|---|---|
| 3/9/2010 | PREPARATION OF REVISED ORDER RE STIPULATION WITH TEXAS COMPTROLLER | | | |
| 1187849 | CTP | 415.00 | $41.50 | 0.1 |
| 3/9/2010 | ANALYSIS OF CORRESPONDENCE EMAIL FROM TOM BREHMER RE TAXES, S&H | | | |
| 1187912 | PAG | 540.00 | $54.00 | 0.1 |
| 3/12/2010 | REVIEW ENTERED ORDER APPROVING STIPULATION WITH TEXAS COMPTROLLER | | | |
| 1189532 | CTP | 415.00 | $41.50 | 0.1 |
| 3/18/2010 | ANALYSIS OF CORRESPONDENCE EMAIL FROM COLLINS RE SS REPORTING | | | |
| 1191292 | PAG | 540.00 | $54.00 | 0.1 |
| 3/18/2010 | PREPARATION OF CORRESPONDENCE EMAIL TO BREHMER, OTT RE SS | | | |
| 1191293 | PAG | 540.00 | $54.00 | 0.1 |
| 3/20/2010 | ANALYSIS OF CORRESPONDENCE EMAIL FROM BREHMER RE SOCIAL SECURITY REPORTING | | | |
| 1192045 | PAG | 540.00 | $54.00 | 0.1 |
| 3/22/2010 | PREPARATION OF CORRESPONDENCE EMAIL TO COLLINS RE SOCIAL SECURITY REPORTING | | | |
| 1192047 | PAG | 540.00 | $54.00 | 0.1 |
| 4/23/2010 | TELEPHONE CONFERENCE WITH G. KOHUT RE STATUS | | | |
| 1203991 | CTP | 415.00 | $83.00 | 0.2 |
| 5/19/2010 | ANALYSIS OF CORRESPONDENCE EMAIL FROM COLLINS, FORWARD TO BREHMER RE SOCIAL SECURITY REPORTING | | | |
| 1212645 | PAG | 540.00 | $54.00 | 0.1 |
| 5/26/2010 | E-FILE JOINT STATUS REPORT THROUGH ECF | | | |
| 1214500 | KATIE | 195.00 | $19.50 | 0.1 |
| 5/26/2010 | PREPARATION OF STIPULATION AND ORDER TO EXTEND DISCOVERY CUTOFF AND CONTINUE STATUS CONFERENCE FOR SERVICE AND FILING; SERVE AND E-FILE STIPULATION VIA ECF AND UPLOAD ORDER VIA LOU | | | |
| 1214516 | KATIE | 195.00 | $58.50 | 0.3 |
| 5/28/2010 | PREPARATION OF STIPULATION AND ORDER TO EXTEND DISCOVERY CUTOFF AND CONTINUE STATUS CONFERENCE FOR SERVICE AND FILING; SERVE, E-FILE STIPULATION VIA ECF AND LODGE ORDER VIA LOU | | | |
| 1215142 | KATIE | 195.00 | $78.00 | 0.4 |

EXHIBIT 1 PAGE 47

**T. YOO, TSTEE. for SOLIDUS**

**CASE #    18558**

6/16/2011       Page #       **21**

**From Date       1/1/2010**
**To Date       6/10/2011**

5/28/2010   TELEPHONE CONFERENCE WITH OTT RE SOCIAL SECURITY INQUIRY

| | | | | |
|---|---|---|---|---|
| 1215176 | PAG | 540.00 | $108.00 | 0.2 |

5/28/2010   PREPARATION OF CORRESPONDENCE PULL EMAILS AND FORAWRD TO OTT RE SOCIAL SECURITY, ADP

| | | | | |
|---|---|---|---|---|
| 1215212 | PAG | 540.00 | $108.00 | 0.2 |

6/2/2010   PREPARATION OF THREE UNILATERAL STATUS REPORTS FOR SERVICE AND FILING; SERVE AND E-FILE VIA ECF

| | | | | |
|---|---|---|---|---|
| 1216376 | KATIE | 195.00 | $58.50 | 0.3 |

6/4/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM OTT RE TAX NOTICES, EMAIL TO TRUSTEE RE SAME

| | | | | |
|---|---|---|---|---|
| 1217796 | PAG | 540.00 | $54.00 | 0.1 |

6/4/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM TRUSTEE RE TAX NOTICES, CALL TO OTT RE SAME

| | | | | |
|---|---|---|---|---|
| 1217801 | PAG | 540.00 | $54.00 | 0.1 |

6/7/2010   PREPARATION OF STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE FOR SERVICE, FILING AND UPLOADING, SERVE, E-FILE STIPULATION VIA ECF AND UPLOAD ORDER VIA LOU

| | | | | |
|---|---|---|---|---|
| 1218731 | KATIE | 195.00 | $39.00 | 0.2 |

6/8/2010   PREPARATION OF STIPULATION AND ORDER TO EXTEND DISCOVERY CUTOFF AND CONTINUE STATUS CONFERENCE FOR SERVICE AND FILING; SERVE, E-FILE STIPULATION VIA ECF AND LODGE ORDER VIA LOU

| | | | | |
|---|---|---|---|---|
| 1219415 | KATIE | 195.00 | $58.50 | 0.3 |

6/8/2010   ANALYSIS OF CORRESPONDENCE EMAILS FROM OTT, TRUSTEE RE TAX

| | | | | |
|---|---|---|---|---|
| 1219416 | PAG | 540.00 | $54.00 | 0.1 |

6/10/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM TRUSTEE RE LENDER STIPULATION, CONFERENCE

| | | | | |
|---|---|---|---|---|
| 1220344 | PAG | 540.00 | $54.00 | 0.1 |

6/11/2010   PREPARATION OF THREE NOTICES OF CONTINUANCE OF STATUS CONFERENCES AND A STIPULATION AND ORDER TO EXTEND DISCOVERY CUTOFF AND CONTINUE STATUS CONFERENCE FOR SERVICE, FILING AND UPLOADING, SERVE, E-FILE NOTICES AND STIPULATION

| | | | | |
|---|---|---|---|---|
| 1220756 | KATIE | 195.00 | $195.00 | 1.0 |

6/11/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM OTT RE TAX NOTICES ISSUES

| | | | | |
|---|---|---|---|---|
| 1220944 | PAG | 540.00 | $108.00 | 0.2 |

6/14/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM OTT RE TAXES

EXHIBIT __1__ PAGE __48__

| | | | | |
|---|---|---|---|---|
| 1227363 | PAG | 540.00 | $54.00 | 0.1 |

**DETAILED ACTIVITIES**

| T. YOO, TSTEE. for SOLIDUS | 6/16/2011 | Page # | 22 |
| CASE #    18558 | **From Date** | | **1/1/2010** |
| | **To Date** | | **6/10/2011** |

6/14/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM OTT RE MARYLAND TAXES

| 1227364 | PAG | 540.00 | $54.00 | 0.1 |

6/14/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM OTT RE MISC NO ACTION TAX NOTICES

| 1227366 | PAG | 540.00 | $54.00 | 0.1 |

6/14/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM OTT RE FLORIDA, REVIEW NOTICE

| 1227367 | PAG | 540.00 | $54.00 | 0.1 |

6/14/2010   PREPARATION OF CORRESPONDENCE EMAIL TO OTT RE TAX NOTICES, FLORIDA

| 1227371 | PAG | 540.00 | $108.00 | 0.2 |

6/14/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM OTT RE IRS, REVIEW NOTICE

| 1227373 | PAG | 540.00 | $54.00 | 0.1 |

6/14/2010   PREPARATION OF CORRESPONDENCE EMAIL TO OTT RE IRS 2006 TAX ISSUE

| 1227375 | PAG | 540.00 | $54.00 | 0.1 |

6/14/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM OTT RE PAYROLL TAX INFO; EMAIL TO REISS RE
SAME

| 1227376 | PAG | 540.00 | $54.00 | 0.1 |

6/14/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM OTT RE REFUNDS

| 1227380 | PAG | 540.00 | $54.00 | 0.1 |

6/14/2010   ANALYSIS OF CORRESPONDENCE EMAILS FORM OTT RE TAXES, CALIFORNIA

| 1227385 | PAG | 540.00 | $54.00 | 0.1 |

6/17/2010   PREPARATION OF JOINT STATUS REPORT FOR SERVICE AND FILING; SERVE AND E-FILE VIA ECF

| 1221160 | KATIE | 195.00 | $19.50 | 0.1 |

6/22/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM OTT RE SOCIAL SECURITY INFORMATION
OBTAINED

| 1223305 | PAG | 540.00 | $54.00 | 0.1 |

6/22/2010   ANALYSIS OF CORRESPONDENCE EMAIL FROM OTT, REPLY RE SOCIAL SECURITY

| 1223394 | PAG | 540.00 | $54.00 | 0.1 |

EXHIBIT \ PAGE 49

# DETAILED ACTIVITIES

| | | | | | |
|---|---|---|---|---|---|
| **T. YOO, TSTEE. for SOLIDUS** | | | **6/16/2011** | **Page #** | **23** |
| **CASE #** | **18558** | | **From Date** | | **1/1/2010** |
| | | | **To Date** | | **6/10/2011** |

6/22/2010  ANALYSIS OF CORRESPONDENCE EMAILS FROM OTT, REISS RE SOCIAL SECURITY INFORMATION

| | | | | | |
|---|---|---|---|---|---|
| 1223432 | PAG | 540.00 | $54.00 | 0.1 |

6/23/2010  PREPARATION OF THREE STIPULATIONS AND ORDERS TO CONTINUE STATUS CONFERENCES FOR SERVICE, FILING AND LODGING; SERVE, E-FILE STIPULATIONS VIA ECF AND LODGE ORDERS VIA LOU

| | | | | | |
|---|---|---|---|---|---|
| 1223671 | KATIE | 195.00 | $195.00 | 1.0 |

6/23/2010  PREPARATION OF TWO UNILATERAL STATUS REPORTS FOR SERVICE AND FILING; SERVE AND E-FILE VIA ECF

| | | | | | |
|---|---|---|---|---|---|
| 1223753 | KATIE | 195.00 | $58.50 | 0.3 |

6/28/2010  ANALYSIS OF CORRESPONDENCE EMAIL FROM COLLINS RE TAX NOTICE

| | | | | | |
|---|---|---|---|---|---|
| 1225607 | PAG | 540.00 | $54.00 | 0.1 |

6/28/2010  PREPARATION OF CORRESPONDENCE EMAIL TO OTT RE OHIO TAX NOTICE, INFORMATION

| | | | | | |
|---|---|---|---|---|---|
| 1225611 | PAG | 540.00 | $108.00 | 0.2 |

6/28/2010  PREPARATION OF CORRESPONDENCE EMAIL TO COLLINS RE SOCIAL SECURITY REPORTS

| | | | | | |
|---|---|---|---|---|---|
| 1225625 | PAG | 540.00 | $54.00 | 0.1 |

6/28/2010  ANALYSIS OF CORRESPONDENCE EMAIL FROM OTT RE TAX INFO, REPLY

| | | | | | |
|---|---|---|---|---|---|
| 1225684 | PAG | 540.00 | $54.00 | 0.1 |

7/1/2010  TELEPHONE CONF. W/ CREDITORS FROM AGPOLO RE VERIZEN

| | | | | | |
|---|---|---|---|---|---|
| 1228457 | PAG | 540.00 | $54.00 | 0.1 |

7/1/2010  ANALYSIS OF CORRESPONDENCE EMAIL FROM AGPOLO RE VERIZEN

| | | | | | |
|---|---|---|---|---|---|
| 1228458 | PAG | 540.00 | $54.00 | 0.1 |

7/1/2010  ANALYSIS OF CORRESPONDENCE EMAIL FOM REISS OTT RE SS INFO

| | | | | | |
|---|---|---|---|---|---|
| 1228460 | PAG | 540.00 | $54.00 | 0.1 |

7/6/2010  TELEPHONE CONFERENCE WITH TRUSTEE RE LENDERS

| | | | | | |
|---|---|---|---|---|---|
| 1230206 | PAG | 540.00 | $54.00 | 0.1 |

7/8/2010  PREPARATION OF CORRESPONDENCE EMAIL TO AGPALO RE VERIZON ASSUMPTION MOTION RE ACCOUNTS

**EXHIBIT** 1 **PAGE** 50

| | | | | | |
|---|---|---|---|---|---|
| 1230990 | PAG | 540.00 | $54.00 | 0.1 |